DORLAND vs. PATTERSON.

In *slander*, the averment in the declaration of particular facts, showing that the person in whose hearing the words are alleged to have been spoken, must have known that the defendant meant to impute a crime to the plaintiff, will render ambiguous words *slanderous*

SLANDER.    The plaintiff, *James Dorland*, in the prefatory part of the first count of his declaration, stated that he and *Gilbert Dorland* as security for him, made a promissory note for $117, to one P. Vanderbilt, their proper signatures being affixed to such note ; that he entrusted the note to the defendant to deliver to the payee ; that the defendant did deliver it, and then to cause it to be suspected and believed that he (the plaintiff,) had been and was guilty of the crime of forgery, in a discourse concerning the signature of *Gilbert Dorland* to the note, in the presence and hearing of *Vanderbilt*, and of divers other good and worthy citizens, spoke these words : " James Dorland gave me that note to give to you, and is it not all one man's hand-writing ?    I will bet ten dollars that that is a forged note ;" thereby meaning and intending that the plaintiff had forged the signature of *Gilbert Dorland*, and had been and was guilty of the crime of forgery.    In the prefatory part of the *second count* of the declaration, the plaintiff stated the making of the note by himself and *Gilbert Dorland*, that the note at his request, was delivered by the defendant to Vanderbilt, and that the defendant, to cause it to be believed that the plaintiff was guilty of the crime of forgery, in a discourse which he had of and concerning the plaintiff, and of and concerning the note, in the presence and hearing of divers good and worthy citizens, spoke these words : " That is a forged note.    I will bet ten dollars that that is a forged note ;" thereby meaning and intending to charge the plaintiff with the crime of forgery, and to have it understood and believed that the plaintiff was guilty of the crime of forgery.    To which counts the defendant put in separate demurrers.

[ *423 ]

*C. W. Swift*, for the defendant.

*R. Wilkinson, & W. J. Street*, for plaintiff.

*By the Court*, COWEN, J.    The concluding innuendoes in both counts infer a charge that forgery has been committed, and that the plaintiff was the guilty agent.    That the words, as laid in the first count, import a charge that the name of *Gilbert Dorland* had been forged can scarcely admit of a dispute, when we consider them as adressed to Vanderbilt.    Both he and the defendant are shown to have had a full knowledge of all the concomitant circumstances: as that the note had been given by the plaintiff for his own debt, with his father's name as a surety, &c.    Under these

known circumstances the defendant is presented as *stating* *to [ *424 ] *the payee* that the note was a forgery ; a note coming from the plaintiff, the only person interested in getting it up ; and for whom no one would certainly volunteer to commit the forgery. Therefore, if G. Dorland's name was forged at all, this must be done by the plaintiff. Such is the train of thought which must have been started by the suggestion, in the mind of Vanderbilt, and for the conclusion which followed, the defendant stands responsible. The rule is that he is accountable for the import of words as it will naturally be understood by the hearer : *Harrison* v. *Thornborough*, 10 *Mod.* 196 ; *Gidney* v. *Blake*, 11 *Johns. R.* 54 ; and explanatory circumstances, known to both parties, speaker and hearer, are to be taken into the account as a part of the words. *Andrews* v. *Woodmansee*, 15 *Wend.* 232. *Miller* v. *Maxwell*, 16 *id.* 9. This view sustains the first count. That the slander addressed to Vanderbilt is charged as at the same time reaching the ears of others who could not understand it, will not vitiate the count.

The fatal objection to the second count is, that the words are charged as addressed to *casual hearers, who are not presented as knowing, or having any of those things explained to them* by which Vanderbilt must have understood the words to insinuate the plaintiff's guilt. The defendant is put forward as speaking of the plaintiff and the note, but in what terms does not appear. *Non constat* but his words were calculated to avert, rather than fix the charge upon him. I can collect nothing more from that count, than a general charge that the note was a forgery. There is nothing to intimate that any hearer understood particularly what the the note was, or that the plaintiff had ever seen it. It was not enough that the defendant could point the slander in his own mind, so long as it appears to have been pointless in the minds of the hearers. *Miller* v. *Maxwell* says that circumstances must be put on the record in such a way that the court may read them as part of the slander. That cannot be unless they are presented as speaking in connection with the words.

Judgment for plaintiff on demurrer to first count, and for defendant on the second count.