## TRUMAN AND WIFE *v.* TAYLOR AND WIFE.

Words imputing to a female, a want of chastity, are actionable, without any proof of special damages.

The words are to be taken in their plain and natural import, and understood according to the sense in which they appear to have been used, and the ideas they were adapted to convey, to those to whom they were addressed.

Where in an action for speaking slanderous words, the petition alleged, that R. T., (the female plaintiff,) in the year 1852, was unmarried, and resided with her father in the state of Illinois ; that in 1853, she removed with her father to this state, and in 1854, was married to her present husband ; that while she resided in Illinois, she was unmarried and single ; that she did not marry until after her removal to Iowa as aforesaid ; and that in June, 1856, the female defendant, spoke and published of and concerning the said R. T. in the presence of certain persons, (the persons to whom said words were spoken having knowledge that said R. T. was unmarried while in said state of Illinois,) the following words : "R. T. had a child in Illinois, and it was buried, and the tale was buried with it. It (alluding to a child of the said R. T. born after marriage) is not the first one she has had. She

had one in Illinois, and it was buried, and the tale was buried with it. You (meaning the persons in hearing) would believe it, if you were to hear Sarelda Rawlins tell it;" *Held*, That the words were actionable *per se.*

### Appeal from the Davis District Court.

SLANDER. Verdict and judgment for the plaintiffs. The defendants appeal. The facts in the case, are stated in the opinion of the court.

*Knapp, Caldwell & Wright*, for the appellants.

*Trimble & Baker*, for the appellees.

WRIGHT, C. J.—The only error relied upon in this case is, that the words spoken were not actionable *per se;* and that no special damages being claimed, the verdict and judgment should have been for defendants. The petition contains two counts, and avers in substance, that the plaintiff, Rebecca Truman, in the year 1852, was unmarried and resided with her father, in the state of Illinois; that in 1853, she removed with her father to this state; and that in October, 1854, was married to her present husband, John H. Truman. It is also averred, that while the said Rebecca resided in the said state of Illinois, she was unmarried and single; that she did not marry until after her removal to Iowa as aforesaid; and that in June, 1856, the wife of defendant, spoke and published of and concerning the said Rebecca, in the presence of one Eliza J. England and others, (the persons to whom said words were spoken, having knowledge that said Rebecca was unmarried while in said state of Illinois,) the following words: "Rebecca Truman had a child in Illinois, and it was buried, and the tale was buried with it. It is not the first one she has had; (alluding to a child of said Rebecca born after marriage;) she had one in Illinois, and it was buried, and the tale was buried with it. You (meaning the persons in hearing) would believe it, if you were to hear Sarelda Rawlins tell it."

Under the ruling made, in *Dailey* v. *Reynolds*, 4 G. Greene,

354, afterwards recognized as correct, in *Abrams and Wife* v. *Foshee and Wife*, 3 Iowa, 274, we are clearly of the opinion, that the words here charged are actionable *per se*. These words are to be taken in their plain and natural import, and are to be understood by us according to the sense in which they appear to have been used, and the ideas which they were adapted to convey to those to whom they were addressed. It is said, in *Dotland* v. *Patterson*, 23 Wend. 422, "that the defendant is accountable for the import of the words, as they will naturally be understood by the hearer, and explanatory circumstances known to both parties, speaker and hearer, are to be taken into account as part of the words." "The true rule," it is elsewhere said, "is, that words are to be understood in the sense which they are calculated to impress the hearer's mind." *Hays and Wife* v. *Hays*, 1 Humph. 402. That the persons to whom the words were spoken as charged in the declaration, understood them to impute to the said Rebecca, a want of chastity, we think there can be no doubt, and such we understand to be their plain and natural import, and especially so when we consider that they were spoken as alleged in the petition, to persons who were acquainted with the fact, that said plaintiff was single and remained unmarried during her residence in Illinois. It is suggested by appellants, that she might have been married to a man who had at the time another wife living, and that though a child born as the fruit of such marriage, might be illegitimate, yet she would not therefore be unchaste, nor could such illegitimate birth be evidence of her want of chastity. However this might be, we think it sufficient to say, that in this case, every presumption that the words were spoken with reference to any such state of case, is entirely rebutted by the explanatory circumstances, known to the hearers as well as speaker, and which circumstances are to be taken as a part of the words.

We need scarcely remark that our conclusion, that the words spoken are actionable *per se*, is not upon the ground that they import a charge of some punishable offence or crime, but upon the simple, and as we think, salutary ground,

that words imputing to the female a want of chastity, are actionable without any proof of special damage.   However much other, and perhaps a majority of states, may have hesitated in adopting this rule, in ours, at least, it may now be regarded as settled.

Judgment affirmed.