## AULT *v.* SLOAN.

Where in an action by the indorsee of a promissory note, against the maker and indorser, the court instructed the jury, " that if they found the indorser was released, by want of notice of non-payment, still, if they also found that he subsequently *promised* to pay the note, he could be held liable;" and where it was insisted in the Supreme Court, that the instruction should have been qualified, by informing the jury, that such promise, in order to bind the indorser, must have been made with the knowledge that he had been released; and where there was nothing in the record to show that such qualification was asked or insisted on at' the trial; *Held,* 1. That while the instruction might have more fully stated the law, with the qualification insisted upon, yet, that giving the word *promise* its proper legal signification, there was no reasonable probability that the jury was misled by the instruction, to the prejudice of the appellant; 2. That the party having failed to ask for a qualification of the instruction in the court below, could not make the error in the instruction, a ground of complaint in the appellate court.

*Appeal from the Dubuque District Court.*

THIS suit was brought on a negotiable promissory note by the indorsee, against Merritt, the maker, and Sloan, the indorser thereof. There was judgment by default against the maker, and issue joined between the plaintiff and indorser, as to the latter's liability. On this trial, the controversy appears to have been, whether the indorser was released for want of notice of the non-payment of the note by the maker. The court instructed the jury, that " if they found the indorser was released by want of notice of non-payment, still if they also found that he subsequently *promised* to pay the note, he can be held liable." Verdict and judgment for plaintiff, and defendant appeals.

*Adams & Cooly,* for the appellant.

*Chapline & Dillon,* for the appellee.

WRIGHT, C. J.—The only objection urged to the instruction given by the court, is, that the jury should have also

been told, that the subsequent promise, in order to bind the indorser, must have been made with the *knowledge* that he had been released. There is nothing to show that this qualification or addition, was asked or insisted upon by the defendant, at the time the instruction was given. The error of the court, if any, according to appellant's argument, lies in the fact, that it did not give all the law on this subject, or proceed to state all those things which were necessary to constitute a good and valid promise on the part of the indorser. We think that while the instruction might have more fully stated the law, with the qualification now insisted upon by defendant, yet that giving to the word *promise* its proper legal signification, in which sense the jury are presumed to have received it, there is no reasonable probability that they were misled thereby, to appellant's prejudice. It was said in *Miller* v. *Bryan*, 3 Iowa, 58, on a question very similar to this, " that to have prevented any possible, or even probable misapprehension by the jury, the plaintiff (in this case, the defendant,) might well have asked for the qualification now suggested. Having failed to do so, we do not think he can now complain." So, in this case, if all the law on the subject was not given to the jury, it was the fault of the appellant. So far as it was given, we are unable to see that any prejudice could, or did reasonably result therefrom to defendant's cause.

Judgment affirmed.