## De Moss v. Haycock.

15 149
130 200

1. SLANDER: MEANING. In slander the defendant is accountable for the alleged slanderous words as they would naturally be understood by the hearer; and explanatory circumstances known to both the speaker and the hearer, at the time the words were spoken, will be taken and considered as a part of the words.

2. ERROR WITHOUT PREJUDICE. No error should be regarded by the Supreme Court, if it does not affect the substantial rights of the appellant.

*Appeal from Keokuk District Court.*

THURSDAY, OCTOBER 8.

SLANDER. The plaintiff's cause of action was words used by the defendant, charging him with " pilfering," " stealing " and " taking without leave," hay, lumber and other articles, the property belonging to the defendant. Trial and verdict for plaintiff. The defendant moved the Court

to set aside the verdict and grant a new trial, assigning as ground therefor the giving and refusing to give instructions to the jury. This motion was overruled; judgment entered on the verdict, and the plaintiff appeals.

*J. F. McJunkin* for the appellant, cited *Hays and wife* v. *Hays*, 1 Humph., 402; *Marshal* v. *Gunler*, 6 Rich., 430; *Fallenslone* v. *Booth*, 13 Mo., 427; *Freeman and wife* v. *Taylor and wife*, 4 Iowa, 424; 1 Am. L. C., 133; *Snell* v. *Snow*, 13 Met., 278; *Ex parte Bailey*, 2 Cow., 479; *Dexter* v. *Taber*, 12 John., 239.

*G. D. Woodin*, for the appellee.

BALDWIN, Ch. J.—Slander. The Court below, at the request of the plaintiff, gave to the jury the following instruction, viz.: "It is not for the jury to construe the meaning of the words spoken by Haycock, but the jury must determine the meaning of the words by hearing how the witnesses understood them when they heard them spoken by defendant, Haycock." The giving of this instruction is complained of as error.

Taking this instruction as an abstract proposition of law, it perhaps might tend to mislead the jury. The true rule, is, as recognized by this Court in the case of *Truman et ux.* v. *Taylor et ux.*, 4 Iowa, 424, "that words are to be understood in the sense in which they are calculated to impress the hearer's mind," or "that the defendant is accountable for the import of the words as they will naturally be understood by the hearer, and explanatory circumstances known to both parties, speaker and hearer, are to be taken into account as part of the words." *Dorland* v. *Patterson*, 23 Wend., 422. While the language of the instruction given in this case might tend to confine the jury too strictly to the meaning or import of the words as understood by the witnesses, independent of the explanatory circumstances known to both parties, yet when taken in connection with

De Moss v. Haycock.

the other instructions given,.the correct rule that should control the jury in arriving at their verdict is so clearly defined that it would be impossible for them to be misled thereby. No exception shall be regarded in the Supreme Court unless the ruling has been on a material point, and the effect thereof prejudicial to the substantial rights of the party excepting. Revision of 1860, § 3111.

Other instructions were given by the Court at the instance of the plaintiff, and the charge to the jury, in reference to their duty in arriving at the intention of the defendant in using the words charged to have been spoken, fully and fairly states the rule of law that should govern them in determining the rights of the parties. For instance, the Court in its charge says: "If you believe that the persons to whom the defendant spoke the words had reason to or did understand the words as charging the said plaintiff with the crime of larceny, the words spoken will maintain the action," and to this there was no exception taken.

Again, the Court instructed the jury, at plaintiff's request, that if they believed from the evidence that the defendant told the witnesses, Mills and others, that De Moss had pilfered his (defendant's) hay, and that said witnesses understood that defendant meant to charge plaintiff with stealing it, the jury must, under the pleadings in the case, find a verdict for the plaintiff."

Taking these instructions in connection with the one complained of, and we do not think that the defendant was so prejudiced as to justify a reversal.

Affirmed.