CLEVELAND v. DETWEILER.

1. Slander: WORDS ACTIONABLE. Words imputing to a female a want of chastity, are actionable *per se.*

2. —— SODOMY. Words charging a female with sodomy impute to her an unchaste character, and are actionable *per se.*

*Appeal from Van Buren County.*

MONDAY, APRIL 10.

SLANDER: WORDS IMPUTING BESTIALITY TO A "FEMALE," ACTIONABLE PER SE. Plaintiff, Mary Cleveland, sues the defendant for slander, and charges that Cynthia Detweiler, wife of John, said: "When you see Mary Cleveland, say dog, howl or whistle, and that will make her drop her feathers." Also, "when you see Mary Cleveland, you bark, say dog, whistle or howl, and that will make her drop her feathers." Also, that "Mary Cleveland killed the dog, and that she (meaning Mary) had been caught in the act with the dog, and the dog had died from the effect of it"— explained and meaning that this plaintiff, Mary Cleveland, had had sexual intercourse with the dog, from the effect whereof the dog died. Also, that "there was a tale started to the effect that Mary Cleveland had been too intimate with a dog, and it killed the dog;" that "you had better not let your children go to Cleveland's nor associate with

them, for they were not creditable folks "—explaining and saying that this plaintiff, Mary Cleveland, had been guilty of sexual intercourse with a dog, by which the dog was killed.

On the trial, the words were proved substantially as laid. Judgment and verdict for plaintiff for $700. Defendants appeal. Counsel agree that the record presents but one question, viz., whether the words charged are, or are not, actionable *per se.*

*Knapp & Wright* for the appellants.

*Baldwin, Semple & Kinley* for the appellee.

DILLON, J.—I. It is the law in this State, as shown by a long series of decisions, that words imputing to a female 1. SLANDER: a want of chastity are actionable *per se.* This is
words
actionable. an innovation upon the common law, an l was so regarded when the doctrine was declared. The earliest case was *Cox* v. *Bunker*, Morris, 269, decided by the Territorial Supreme Court, as early as 1844. Ten years afterwards, the same doctrine was declared in *Dailey* v. *Reynolds*, 4 G. Greene, 354 (1854). In 1856, the correctness of these cases came under review in *Abrams* v. *Foshee*, 3 Iowa, 274; and they were approved, and such a charge against a female declared, *arguendo*, to be actionable *per se,* " on the broad, plain ground that it would immediately and necessarily tend to hinder her advancement in life." " Such a case," observes WRIGHT, Ch. J., " is an exception to the general rule, and is sustained by reasons that apply to it alone, because of the peculiar character of the charge, and beyond it we are not willing to go at present." Afterwards, in the same year (1856), *Smith* v. *Silence*, 4 Iowa, 321, was decided, and the three cases above cited expressly approved. In 1857, in the case of *Truman* v. *Taylor*, 4 Iowa, 424, it was

again adjudged, that a charge of a want of chastity in a female was actionable without proof of special damages.

The state of the law in Iowa on this subject, and the ground of the decision are thus stated: "Our conclusion that the words spoken are actionable *per se* is not upon the ground that they import a charge of some punishable offense or crime, but upon the simple, and as we think, salutary ground, that words imputing to a *female* a want of chastity, are actionable without any proof of special damages. However, much other and perhaps a majority of the States may have hesitated in adopting this rule, in ours at least, *it may now be regarded as settled.*" (*S. P., Wilson v. Beighler*, Id., 427. The same ruling was made in the recent case (April, 1864), of *Beardsley v. Bridgman*, 17 Iowa, 290.

We agree with the counsel for appellant, that in the first case and perhaps in the first two cases, the same conclusion might have been reached upon the ground that the words imputed a punishable offense. But they were not put upon that ground alone, and the doctrine has been made to rest upon the broader grounds above stated.

The exact and critical review of the case in the lucid and forcible printed argument of the appellant's counsel, has induced us to reëxamine with care the decisions in this State in order to ascertain whether the question could, as maintained by the defendant's attorney, justly be regarded as an open one. We unite in the opinion that it is to be considered as definitely settled, and of course binding upon "the court as now constituted." The tribunal is the same, though the members may change. Regarding the doctrine as settled, we do not deem it expedient to enter upon a vindication of its reasonableness. It might not be difficult, however, to show the injustice and absurdity of the common law rule, which, to the extent above shown, has been superseded in this State, by which to charge a female with

Cleveland v. Detweiler.

stealing a pincushion would be actionable *per se*, while to charge her with a specific act of unchastity or bestiality would not be thus actionable. However we might decide were the question *res integra*, we are unwilling to overturn a long and settled, and so far as our knowledge of professional sentiment extends, a very generally satisfactory course of decision.

Sodomy is not made a crime by statute, and is not criminally punishable in this State. (*Estes* v. *Carter*, 10 Iowa, 400.) The case last cited was brought by the plaintiff (a *man*), for charging him with sodomy. The case decides the point above stated. The point decided in the case at bar is not discussed in the opinion in that case. We express no opinion in this case whether the rule is different where a want of chastity is imputed to a woman, and where it is imputed to a man. Such a difference we may observe, in passing, is recognized in Ohio. (*Wilson* v. *Robbins*, Wright's Ohio Rep., 40.)

The doctrine in this State has thus far been extended to *females* only for the peculiar reasons stated. We leave the law in this respect just as we find it. (See on this subject generally, 1 Hilliard on Torts, 284, and authorities there cited and digested).

II. The defendant's counsel next insist that, although it be true that words imputing to a female a want of *chastity* are actionable *per se*, still the words for which the present action is brought (see statement) do not impute to the plaintiff a want of chastity.

2. ——
sodomy.

The position is, that, to be unchaste, implies actual, unlawful commerce with *the other sex ;* and no other act, however immodest or vulgar, will, in legal contemplation, render her unchaste; and Bouvier and Webster's definitions of chastity are quoted.

We would not like to decide that a female, guilty of the charge imputed in the case at bar, was chaste. The charge

involves unchastity of the highest, grossest and most flagrant character. An *ordinary* accusation of unchastity is mild and gentle, as compared with the one for which this action is brought. We must abandon the rule, or else hold that it extends to such a case as the one before us.

Judgment affirmed.