## Dixon v. Stewart.

1. Evidence: CORROBORATION: SLANDER. Where in an action for slander the defendant and plaintiff have both testified as to the transaction in respect to which the slanderous words were spoken, the evidence of a third party who was present at such transaction is admissible for the purpose of corroborating the testimony of the defendant in respect thereto.

2. Instruction: WANT OF EXPLICITNESS. That an instruction is not sufficiently full or explicit constitutes no sufficient ground for reversal. The remedy of the party complaining was to have asked an instruction more explicit. The present case distinguished from *Owen* v. *Owen*, 22 Iowa, 270, and *The State* v. *Brainard*, 25 id. 572.

3. Slander: MEANING OF WORDS. In an action of slander, the words alleged to be slanderous are not to be construed absolutely in the sense in which the hearers understood them, but in the sense in which, in the light of all explanatory circumstances known to speaker and hearers, they were calculated to impress the hearers' mind, and be naturally understood.

*Appeal from Jackson Circuit Court.*

MONDAY, DECEMBER 20.

ACTION of slander. The petition alleges that on or about the 24th day of April, 1871, the defendant, in the presence and hearing of Richard Germond and others, maliciously spoke and published concerning plaintiff the following false and defamatory words, to wit:

" You were the last person in my store; I have missed a pair of shoes, and you took them ;" and " he" (referring to plaintiff's husband) " need not come to see me about the shoes unless he comes to pay for them." On the evening of Saturday, the 22d of April, 1871, the plaintiff procured from defendant, at his store in Maquoketa, a pair of number ten, children's shoes, agreeing to return them or pay for them on the following Monday. At the same time she examined a pair of number ten, button shoes. The next morning defendant, on marking off his shoes, discovered that there were but five instead of six pairs, which the bill called for of button shoes, and that the missing shoes were numbered ten. The defendant for answer denies the speaking of the words charged, sets out fully all the circumstances connected with the obtaining of the shoes by plaintiff, and avers that what was said by him was spoken without malice and in good faith, thinking that he might have put up two pairs of shoes for plaintiff by mistake. Jury trial. Verdict for plaintiff for $400. Motion for new trial overruled. Judgment upon the verdict. Defendant appeals.

The necessary facts are stated in the opinion.

*Rich & Darling* for the appellant.

*E. F. Richman* and *W. E. Leffingwell* for the appellee.

DAY, Ch. J. — I. The defendant details the occurrence of April 22d, as follows : " I remember the circumstance of Mrs. Dixon calling at my store on the night of the 22d of April. I showed her some children's shoes. I got a number ten pair of shoes of the kind she said would suit her, and went to clear the pegs out; we have a sideboard and no counter on the side ; the shoes are kept on the right hand side of the store ; I had received several cases of shoes that afternoon ; these button shoes were one of those lots lying on the sideboard ;

1. EVIDENCE: corroboration: slander.

Mrs. Dixon was standing by these shoes and admiring them very much, and said she would require to get a pair in a few days for a Sunday pair of shoes. After I cleared the pegs out of the shoes selected, I handed them to her; she said she would pay for them on Monday or return them." Of the same transaction the plaintiff states: "I got the shoes Saturday evening before, I asked Stuart if he had any boy's shoes; he said yes; he showed me a pair of button shoes; I said I did not want that kind now, if I did I would call again and look at his shoes; I looked over the button shoes; I told him that I did not want the button shoes; I told him that I would take a pair home."

The defendant introduced as a witness R. G. Gardner, and asked him the following question: "Do you know and remember the circumstance of Mrs. Dixon, the plaintiff, calling at the store of the defendant, in the city of Maquoketa, on the night of the 22d of April, for the purpose of purchasing a pair of shoes, and if she said any thing in reference thereto; if so, state what took place, and any thing she said in reference thereto?

The plaintiff objected to this question, and the answer was not allowed. In this ruling the court erred. Both plaintiff and defendant had testified with reference to what took place at the time referred to. It was, therefore, clearly competent for the defendant to corroborate himself by the testimony of another witness present at the time, and to obtain his version of the occurrence.

II. In objections to the instructions of the court, it is urged, first, that the court did not define the issue, but left the jury to draw their own conclusions from the pleadings; second, that the instructions do not state the legal effect of the answer, if proven.

2. INSTRUCTION: want of explicitness.

1. The first position is not sustained by the record. The court did specifically direct the attention of the jury to what was claimed in the petition, and how the claim was met in the answer.

2. The court instructed the jury that if the defendant accused the plaintiff of larceny, the law infers malice from the speaking of the words, and that the burden of proof was upon the defendant to disprove the same, and that it was for the jury to determine, under all the evidence, facts and circumstances of the case, whether or not the defendant had disproved the malice which the law infers. If, in the judgment of the defendant, this instruction was not sufficiently explicit, and did not fully develop his defense, he should have asked a specific instruction, embodying his views of the case. See *Ault* v. *Sloan*, 4 Iowa, 508; *Miller* v. *Bryan*, 3 id. 58. This case differs from *Owen* v. *Owen*, 22 id. 270, in which *no* instructions were given; and from *State* v. *Brainard*, 25 id. 572, which was a criminal prosecution for a high offense, in which the court failed to instruct the jury respecting the law applicable to the offense. Beyond the doctrine of those cases we do not feel disposed to go.

III. The giving of the fourth instruction is assigned as error. It is as follows: "The words spoken should be construed in the sense in which the hearers understood them. And, in order to ascertain the import or imputation of the words spoken, you are to look at the words themselves, the sense or meaning in which the hearers understood them, and any explanatory circumstances known to both parties, speaker and hearers, at the time of speaking. In this case, if you find that the words charged were spoken as and in the manner charged in the plaintiff's petition, and that the plain and natural import of the words so spoken, under the circumstances in which they were spoken and known to both the speaker and hearers, were adapted to convey and did convey to those who heard them, the idea or understanding that the defendant accused the plaintiff of stealing a pair of shoes, then, in such case, said words imputed to the plaintiff the crime of larceny, and would be actionable of themselves."

3. SLANDER: meaning of words.

The first clause of this instruction states the rule too broadly against the defendant. Words are not to be construed : in the sense, absolutely, in which the hearers understood them, but they are to be understood in the sense in which, in the light of all explanatory circumstances known to speaker and hearer, they are calculated to impress the hearer's mind, and will naturally be understood. But the clause was so clearly and fully qualified by what follows in the same instruction, in which the law is explicitly stated, in almost the exact· language of the prior decisions of this court, that from the entire instruction the jury can scarcely have failed to receive a correct impression as to the rule applicable to this branch of the case. See *Truman* v. *Taylor*, 4 Iowa, 424; *Wilson* v. *Beighler*, id. 427; *DeMoss* v. *Haycock*, 15 id. 149.

IV. The defendant insists that the court erred in instructing the jury: "That damages in cases of the character of this kind are predicated upon the value of the thing injured, which in this case is character." He claims that damages are not *alone* predicated upon the value of the thing injured, but upon this value and the injury inflicted. He should have asked the court to make such modification, if he deemed it essential.

V. Upon his cross-examination the attention of defendant was directed to a conversation had with Shrigly and Truax, and defendant stated that he did not tell either of them that Mrs. Dixon had stolen a pair of shoes, and he was going to have her arrested. In rebuttal the plaintiff introduced Shrigly and Truax, and asked what defendant stated in the conversation referred to. The defendant objected that the evidence was not rebutting. The objection was overruled. Of this action he complains. The attention of defendant was called to this conversation, and the testimony of these witnesses was admissible for the purpose of impeaching him.

VI. Lastly, it is claimed that the verdict is unsupported by the evidence. Three witnesses state substantially that when defendant came to the door of plaintiff's residence " he asked her if he had not put up two pairs of shoes on Saturday evening previous; he said it was very strange about the shoes; one pair was missing; nobody else was in before or after that evening, and the shoes were gone, and she must have taken them ; " and that her husband need not come to see about it, unless he called to settle for the shoes. The defendant is the only remaining witness who testifies as to the speaking of the words.

Under such circumstances we would scarcely be justified in setting aside the verdict, as not supported by the evidence.

For the error of the court in rejecting the testimony of Gardner, the judgment is

Reversed.