GWINN V. CRAWFORD.

1. **Instruction**: INCOMPLETENESS OF. Where an instruction presents a correct general rule of law, and adds thereto one of several qualifications which under certain contingencies might modify the rule, the giving of the one qualification or the failure to give them all does not constitute error justifying a reversal.

2. ———: ———: PRACTICE. If an instruction does not fully develop the theory of the law of the case entertained by either party, he should ask a specific additional instruction embodying the principle he deems material.

3. ———: ———: ———. In an action to recover money alleged to have been extorted by threats and violence, the following was given as a part of an instruction: "But if you find that the same (the money) was voluntarily given up and paid by plaintiff to defendant on claims which defendant held in his own right against W. E. Gwinn, the husband of plaintiff, you will find for defendant:" *Held*, that the words "in his own right," without the addition of language implying that the liability of defendant was not affected by the character in which he obtained the money, did not vitiate the instruction. BECK, J., *dissenting*.

4. ———: ———. The first count of a petition claimed to recover money obtained by duress; the second asked, in addition to this amount, damages for the violent treatment. The jury found for the plaintiff in a sum greater than the amount alleged to have been obtained by duress: *Held*, that an instruction presenting the law solely with reference to the recovery of the money, although erroneous, was error without prejudice.

*Appeal from Monona Circuit Court.*

MONDAY, DECEMBER 13.

AN opinion reversing the judgment below was announced, filed and recorded in this case at the June term, 1874. In the vacation following, and within the time prescribed, the appellee's counsel filed a petition for rehearing. A reply thereto was ordered and filed, and we have given to the case a further and more deliberate consideration. The action is at law, and the petition contains two counts. The first count alleged that on December 21, 1871, the defendant, by threats of violence to the person of the plaintiff, caused her,

under the duress of such threats, to surrender to him the sum of eighteen hundred and seventy dollars, the individual property of the plaintiff, for which sum, together with interest from the date of surrender, she claimed to recover on this count.

The second count alleged that on the date aforesaid the defendant assaulted and maltreated the plaintiff in a most cruel and inhuman manner; that he imprisoned her in a room in her own house when she was weak in body and *enciente*, and threatened to strip the clothes from her body, to expose her person, and to take every cent of money she might have, and did actually rob her of eighteen hundred and seventy dollars, and thereby injured her health, caused her great pain and suffering and the premature birth of her child, which is in a very delicate and unhealthy condition. She asks to recover on this count five thousand dollars damages, together with the eighteen hundred and seventy dollars, interest and costs.

For answer, the defendant denied the allegations of the petition, and for further defense alleged that on December 21, 1871, Wm. E. Gwinn, the husband of plaintiff, was indebted to defendant and to various other persons whose claims he had for collection, together amounting to over three thousand dollars; that said husband pretended to have failed in business, and to be unable to pay his debts; that in fact the said Gwinn had fraudulently and secretly placed in possession of plaintiff a large sum of money for the purpose of keeping it from and defrauding his creditors; that on said date plaintiff had the sum of eighteen hundred and seventy dollars, a portion of said money, concealed on her person, and defendant went to her house to collect said debts, and after considerable delay the plaintiff delivered the said eighteen hundred and seventy dollars to defendant in part payment of said claims, and accepted a receipt for the same, which is still in her possession. Upon these issues, and in November, 1872, the cause was tried to a jury, who found a verdict for plaintiff for thirty-seven hundred and seventy-two dollars and fifty-five cents, and judgment was rendered thereon. The defendant appeals.

*Isaac Pendleton* and *H. B. Wilson*, for appellant.

To constitute an assault there must be a present purpose to do injury. (2 Whart. Crim. Law, 1241.) The instructions of the court and findings of the jury should have been confined to the issues made by the pleadings. (*Nollen v. Wisner & Vanvark*, 11 Iowa, 190; *Shaw v. Brown*, 13 Id., 512.) It is error to instruct the jury to return damages in compensation for mental and bodily suffering and loss of health, when there has been no proof of pecuniary loss suffered thereby. (*Collins v. Council Bluffs*, 32 Iowa, 324; *Hendrickson v. Kingsbury*, 21 Id., 379.) Plaintiff's possession of the money being fraudulent, she cannot maintain an action to recover it back. (1 Hill. on Torts, p. 124.)

*Joy & Wright* and *John Currier*, for appellee.

Whenever malice or insult has been an ingredient of a wrongful act, exemplary damages may be awarded. (*Anthony v. Gilbert*, 4 Blackf., 348; *Meyer v. Driscoll*, 99 Mass, 281; *Roberts v. Mason*, 10 Ohio State, 277.) In trespass for seizing goods in possession of plaintiff, defendant cannot set up the title of a third person to defeat the action. (*Demick v. Chapman*, 11 Johns, 132; *Walpole v. Smith*, 4 Blackf., 304.) The decision of the court below will not be reviewed under a general objection. (*Davenport G. & C. Co. v. Davenport*, 13 Iowa, 229.) Where errors are not clearly assigned in the court below, the Supreme Court will not review the action of the court in overruling a motion for a new trial. (*Peck v. Hendershott*, 14 Iowa, 40; *Stillwell v. Chappell*, 30 Ind., 72.) If an instruction which lays down a correct rule of law is not comprehensive enough, the appellant should have asked that it be modified. (*Miller v. Bryan*, 3 Iowa, 58; *Dixon v. Stewart*, 33 Id., 125.) Whenever the wrongful act is accompanied by aggravating circumstances, they may properly be considered as showing the extent of the injury. (2 Greenleaf on Ev., § 272.)

COLE, J.—Upon the trial the court gave to the jury, among others, instruction No. 2, and by the former opinion of this

court the judgment was reversed for an alleged error in that instruction, which is as follows: "The jury may first determine whether defendant made threats of personal violence towards plaintiff, and if so, whether plaintiff gave and surrendered to defendant the money in question through fear of such violence, and if so, whether plaintiff was then the owner of said money, and if you so find all these issues, then you will find plaintiff entitled to recover the amount of such money with interest at the rate of six per cent from the time defendant received the same. But if you find that the same was voluntarily given up and paid by plaintiff to defendant on claims which defendant held in his own right against W. E. Gwinn, the husband of plaintiff, you will find for defendant on this count of plaintiff's petition."

As to the correctness of this instruction, so far as it relates to the right of the plaintiff to recover, no objection is made, nor, indeed, can there be. It is insisted, however, and it was so held in the former opinion, that in the last clause, which says, "but if you find that the same was voluntarily given up and paid by plaintiff to defendant, on claims which defendant *held in his own right* against W. E. Gwinn, the husband of plaintiff, you will find for the defendant on this count of plaintiff's petition," there was error because it was misleading.

The evidence tended to show that the defendant, at the time he received the money from plaintiff, held a claim against W. E. Gwinn of about eight hundred dollars in his own right, and about three thousand dollars of claims, which he held for collection, as agent of the owners thereof.

The precise point of objection is, that the last paragraph of the instruction limited the jury to the consideration of the claim *which defendant held in his own right.* There may be several answers to this objection.

*First.* The court correctly instructed the jury as to what they should find in order to entitle the plaintiff to recover, 1. INSTRUC- and, in the closing paragraph, undertook to state
TION: incom-
pleteness.      one fact, which if they should find, would require them to return a verdict for defendant. This part of the

Gwinn v. Crawford.

instruction was correct, but it did not state all of the facts which might also require the jury to find for the defendant. So far as the instruction went, it was correct and not misleading. We have often held that if the instruction given does not embrace the whole of the law applicable to the case, it is the duty of the party desiring the full or broader instruction, to ask it; and if he fails to do so, he cannot object to that which was given correctly so far as it went. Thus, in *Dixon v. Stewart*, 33 Iowa, 125, it is said that, " if in the judgment of defendant, this instruction was not sufficiently explicit, and did not fully develop his defense, he should have asked a specific instruction, embodying his view of the case." And in *The State v. Tweedy*, 11 Iowa, 350, the court held that, " when a general rule is correctly given by the instruction, but without qualifications, which are claimed to be material under the actual circumstances of the case, it will not be considered error, unless such qualifications were asked by the party complaining, and refused by the court." See, also, to the same effect, *McCausland v. Cresap*, 3 G. Greene, 161; *Miller v. Bryan*, 3 Iowa, 58; *Ault v. Sloan*, 4 Id., 508, and other cases. This case before us is one to which the doctrine of the cases cited most fitly applies. Here the court in the first instruction had stated the issues to the jury, and the instruction under consideration was the first given upon the legal rights of the parties. It gives to the jury a statement of the facts necessary for them to find in order to return a verdict for the plaintiff, and might very properly have stopped there; but the court proceeded to state one fact, which, if the jury should also find, would defeat the plaintiff's right to their verdict.

Now, it is not questioned that, so far as the court gave the law in this respect, it was correct; but it is claimed that the court should also have added after the words, " on claims which defendant held in his own right," the words, " or as agent of others for collection."

This additional fact might very properly have been added; but it would come quite as properly, and more naturally, in connection with the instruction upon the matter connected

with the defendant's right to their verdict. In other words,
2. ——: ——: and in the language of *Dixon v. Stewart, supra*,
practice.     if the instruction did not fully develop the defense,
the defendant should have asked a specific instruction embodying his view of the case.

*Second.* This instruction was, by its express terms, limited
to the first count of the plaintiff's petition. That count
sought to recover the money simply from the defendant,
which he had, as was alleged in it, obtained from plaintiff by
duress. The second count of the petition alleged the violent
and forcible taking of the money by the defendant from the
plaintiff, and sought to recover the money and damages for
the violence and assault committed by defendant in taking it.
The verdict of the jury shows that they did not find for plaintiff
upon the first count, but that their verdict was based upon the
second count; for that they found damages for plaintiff for a considerable amount over and above the money taken by defendant
and the interest thereon. Since, then, the instruction complained
of was expressly limited to the first count of the petition, and
it is certain beyond dispute that the verdict was rendered upon
the second count, it is not possible that the instruction, even
if erroneous, could have prejudiced the defendant.

*Third.* It is claimed in argument by appellant's counsel,
as bearing upon the instruction under consideration, that one
item of the defense consisted in the averment and claim that
the money received by defendant was voluntarily given up by
the plaintiff, and that the instruction was erroneous because it
limited his right of defense to such money as was voluntarily
given up to him on claims held in his own right. But it is
clear that if this was erroneous, it did not work any prejudice
to the defendant, for that the jury could not have found for
the plaintiff under the second count, without first having
found that no part of the money was voluntarily given up to
him; and this, because the jury must have found, in order to
return the verdict they did, that the same was taken by threats
and violence from the plaintiff.

These considerations, without taking time to present others,
sufficiently show that the instruction complained of, even if it

were erroneous and misleading in itself, did not work any prejudice to the defendant in this case.

As was said in the former opinion, we do not think that any of the objections to the instructions are well founded.

After a careful reconsideration of the entire case we are convinced that the judgment should be

AFFIRMED.

BECK, J., *dissenting.*—I cannot concur in the arguments and conclusions announced in the foregoing opinion. In my judgment, the rulings of the District Court cannot be sustained, and ought to be reversed.

I will proceed to state, as briefly as possible, the reasons which lead me to a conclusion differing from that of a majority of the court. In order to present a clear understanding of the points in controversy and the views thereon which I entertain, I will set out the opinion heretofore filed in the case, so far as it relates to the disputed questions before us. It is as follows:

"Action at law. The petition contains two counts. The first alleging that by violence and threats of violence to her person, the defendant compelled plaintiff to deliver to him $1,870, ' the sole and individual property of plaintiff,' which was well known to defendant to be her money. The second sets out that ' defendant assaulted and maltreated the said plaintiff in a cruel and most inhuman manner, that he threatened to strip her clothes from her body, to expose her person and to take every cent of money she might have;' that he imprisoned her and by means of these threats and the imprisonment, he robbed her of $1,870; it also alleges special damages resulting from such acts, on account of the condition of plaintiff's health at the time. The first count claims to recover the money received by defendant with interest; the second, the damages sustained by the acts complained of.

" The answer, after denying generally the allegations of the petition, sets up that defendant had certain claims in his hands against one William E. Gwinn, the husband of plaintiff, one of them in favor of himself, that he went to the house of

the debtor for the purpose of collecting them, at the time of the transaction complained of; that Gwinn had failed in business and had fraudulently placed in the hands of his wife a large amount of money in order to conceal it from his creditors; that he demanded of plaintiff the money so in her possession, to be applied upon the claims held by him, and that 'after considerable controversy, delay and hesitation,' she delivered it to defendant, in payment of the claims, and accepted a receipt therefor. The answer also alleges that Gwinn, for the purpose of defrauding his creditors, delivered to plaintiff a large amount of notes and claims held by him against other parties, which were fraudulently concealed by him from his ceditors, and that he had conveyed to her land for the purpose of defrauding those holding claims against him. There was a verdict for $3,772.85 for plaintiff and judgment thereon. Defendant appeals.

" I. The court gave the following instructions to the jury: ' The jury may first determine whether defendant made threats of personal violence toward plaintiff, and if so, whether plaintiff gave or surrendered to defendant the money in question through fear of such violence, and, if so, whether plaintiff was then the owner of the money; and if you find all these issues, then you will find plaintiff entitled to recover the amount of such money, and interest at six per cent from the time defendant secured the same.

"' But if you find the same was voluntarily given up and paid by plaintiff to defendant, on claims which defendant held in his own right against W. E. Gwinn, the husband of plaintiff, you will find for defendant on this count of plaintiff's petition.'

" The instruction is clearly erroneous, in that it is calculated to mislead the jury through the imperfect statement of the rule intended to be announced in the last sentence. The jury are therein told that a voluntary surrender of the money for the payment of claims which defendant held in his own right, if found, would be ground of a verdict for him. It appears from the pleadings and evidence that he claimed and received the money in payment of claims held by him as agent, as well

as one of his own.   The jury would undoubtedly understand, for such is the direct language of the instruction, that a voluntary surrender of the money, to amount to a defense, must appear by the evidence to have been made in payment of defendant's own claim.   It is scarcely necessary to say that the rights of the plaintiff, or liability of defendant, in this action, are not affected by the character in which defendant held the claims against Gwinn, whether as a creditor or as an agent for creditors.   This, indeed, is not denied by plaintiff's counsel, but they insist that the error was without prejudice, for there is no evidence to show that the money was given up by plaintiff voluntarily.

" We do not so understand the case as presented to us.   The very issue upon the first count involves alone the alleged duress under which payment was made.   It cannot be said there is an absence of evidence supporting the defense that the money was voluntarily given to defendant."

A more particular statement of the pleadings is demanded than is found in the foregoing opinion, for a proper understanding of the points raised upon the rehearing. and decided by the majority of the court.

The first count alleges that by violence, and by threats of violence and outrage to be committed upon the person of plaintiff, defendant " forced and compelled " the plaintiff to give and surrender to him $1,870.   Particulars and circumstances connected with the violence and threats are averred, and the money surrendered to defendant is alleged to have been the property of plaintiff.   The relief asked is a judgment for the money with interest.

The second count alleges that defendant " assaulted and maltreated " plaintiff. threatened outrages upon her person, and imprisoned her, by means whereof he robbed her of $1,870. The count alleges circumstances and particulars connected with defendant's acts complained of, and asks judgment for $5,000 damages, and for the further sum of $1,870 and interest on account of the money she was compelled to deliver to plaintiff.

I.   The instruction upon which the opinion first announced

bases the reversal of the judgment was, by its express terms, made applicable to the first count. That it is erroneous and announces imperfectly and incorrectly a rule of law applicable to that count, cannot be doubted; counsel for plaintiff, in their petition for rehearing, concede this. Neither can it be denied that, if the action was based upon that count alone, the most grave prejudice would have resulted to defendant therefrom.

It is insisted, however, in the opinion of the majority, that no prejudice resulted to defendant from the instruction for the following reason: The verdict of the jury is based upon the second count. This, it is claimed, is apparent from the fact that the jury found damages for the assault, etc., set out in the count, as is shown by the amount of the verdict, $3,772.85. The first count claimed the money received of plaintiff, $1,870, and no damages for assault, etc. The amount of the verdict, therefore, shows that $1,902.85 was awarded by the jury for damages on account of the assault. Let the position be admitted.

The answer of defendant is general, and applies to both counts of the petition; no special averment is set up as a defense restricted to either count. Among other defenses, it is alleged that the plaintiff voluntarily delivered the money to defendant in payment of claims held by him in his own right and as agent of creditors of plaintiff's husband—that the money was the property of her husband, and fraudulently given by him to her, etc., etc.; that upon the delivery of the money to defendant, plaintiff accepted a receipt therefor, which is in her possession. The defendant denies the allegations of the petition charging assault, violence, outrage and threats. Now, it must be remembered that this defense was to the cause of action alleged in the second count as well as to that in the first. It certainly will not be denied that the fact contemplated by the instruction was a defense to the recovery of the money under the second count. If the money was voluntarily given up to defendant in payment of claims held by defendant, etc., it was just as good a defense to the recovery of the money on the second count as on the first. But as the instruction did not apply to that count, the jury

would have been authorized to find for plaintiff in the amount of the money received by defendant, though they may have found it was voluntarily surrendered by her on defendant's receipt executed for it.   Did the jury, however, consider and apply this instruction to the second count, it is a ground of objection to the judgment, for the rule of the instruction, as pointed out in the first opinion, is incorrect.   In this view, the instruction is tainted with errors in addition to that pointed out in the first opinion.   It must have mislead the jury and caused them to understand the law to be, that, notwithstanding the voluntary payment of the money by plaintiff in any capacity, she could recover it as a part of her damages on the second count.   We cannot presume that the verdict of the jury was for damages on account of the assault alone, and excluded the recovery of the money paid by plaintiff; that money was claimed under that count, and the jury were undoubtedly led to believe that it could be recovered thereon notwithstanding the defense pleaded thereto.   We are authorized to presume it did enter into the verdict.   This conclusion is supported by the amount of the verdict.   We could not presume that an unprejudiced and fair jury would assess as damages for the assault and outrage the sum of $3,772.85, taking the facts to be of the character stated by plaintiff's counsel themselves.   But counsel for plaintiff do not claim that the verdict does not cover the money in controversy.   They admit that the question whether the money was voluntarily paid by plaintiff was passed upon by the jury.   We have seen that, misdirected as the jury were, they were authorized to find for plaintiff in the amount of that money, notwithstanding they may have found that it was voluntarily paid to defendant.   We may remark that there was evidence given to the jury tending to support the defense pleaded to the action.

The evidence in the case is not before us.   The abstract of defendant does not purport to give all of it, but only sets out sufficient to show the relevancy of instructions given and refused, and the pertinency of the objections raised by him to the judgment.   An additional abstract of plaintiff does claim

to supply the evidence not found in defendant's abstract. It does not even appear that all the evidence was preserved of record in the court below. As we have not the evidence before us we can entertain no presumption to the effect that the verdict is founded upon any particular state of facts established by the evidence. We cannot, therefore, as we have before remarked, presume that the verdict could only be the damages resulting from the assault and excluded money paid by plaintiff. That the evidence may have required such a verdict cannot be denied. And if the facts proved, under the law, required such a finding, we must conclude that the jury may have been mislead by the instruction referred to, and the verdict cannot be relied upon as a correct determination of the rights of the parties under the law.

II. Counsel for plaintiff insist that the verdict is shown to be correct by the evidence, and, therefore, ought not to be set aside on account of an incorrect instruction which the other party failed to ask the court to modify or adapt to the evidence. But we have not all the evidence before us and cannot determine whether the verdict is or is not a correct determination of the rights of the parties. Besides, the instruction in question was objected to when given. The grounds of objection are not stated, and the law at that time did not require that objections to instructions should be spread upon the record. We cannot presume that defendant did not request the instruction to be so modified that it would be a correct expression of the law applicable to both counts of the petition, and suggest the proper objections to it.

III. The counsel of plaintiff state correctly enough the rule, which is approved in the opinion of the other members of the court, "that where the instruction announces a correct rule of law, but requires modification or change to make it applicable to the issues and testimony, it is the duty of the party complaining to ask the modifications, and failing to do so, cannot avail himself of the error in the appellate court."

But the instruction in question does not announce a correct rule of law. It is erroneous because of a limitation incorporated within it. We cannot presume that this was not objected

to by defendant, on account of these limitations, as we have above stated. It required no modification to make it applicable to the issues and testimony. It wrought mischief by its applicability. If it had been applied to the second count, it would have still wrought prejudice, for the restrictions found in it make it an incorrect rule of law. That its unsoundness was brought to the attention of the court, by objections of defendant, must be presumed. We must also presume that the court would not apply a different rule to the second count, and if defendant had requested its application thereto it would have amounted to admitting its correctness and waived the error of giving it under the first count.

The doctrine announced in the majority opinion, in the language above quoted, is not applicable to the case.

In my opinion, the conclusions we reached in the first consideration of the case are correct, and the judgment of the District Court ought to be reversed.