ANDERSON v. HART.

1. **Libel:** EVIDENCE: CONSTRUCTION OF LIBELOUS MATTER BY WITNESS: RULE STATED AND APPLIED. When a libelous communication on its face directly, or by way of innuendo, or otherwise, refers to any person, a witness may possibly be asked what person is meant. Subject to this rule, the alleged libel must be construed by the court and jury. (See opinion for authorities.) And so when an affidavit charged the crime of forgery, but there was nothing in it, nor in the circumstances surrounding the making of it, tending to charge the crime upon any particular person, it was incompetent, in an action against the affiant for libel, for a witness to state what person he understood the affiant to refer to.

*Appeal from Page District Court.*

FRIDAY, MARCH 19.

THE petition states that the defendant published of and concerning the plaintiff the following false and malicious and defamatory libel: "John Hart, being duly sworn, deposeth and saith that a note presented to him by Hiram Larrabee, in favor of J. D. Larrabee, with Alfred Anderson's name and mark, C. J. Gustafson and John Hart's names, is a note he knew nothing about, and the name John Hart was not written by him or his order, and therefore is a forgery." The defendant pleaded a general denial, justification, and that the libel was a privileged communication. Trial by jury, verdict for plaintiff, and judgment. The defendant appeals.

*Hepburn & Thummell* and *Jas. McCabe*, for appellant.

*L. B. Cake* and *Clark & Parslow*, for appellee.

SEEVERS, J.—The libelous communication was introduced in evidence, and there was evidence tending to show that Larrabee, the agent of the holder of the note, spoke to defendant about it, and that the latter informed him that he had never signed it. The affidavit was prepared at the instance of Larrabee, for the purpose of establishing, as he testified, whether or not the defendant had signed the note. Larrabee desired to know this fact. When on the stand as a witness he was asked by the plaintiff a question in these words: "To whom did you understand this affidavit to refer? to what person?" The witness replied: "He did not refer to no particular person as doing it." He was then asked this question: "I am not asking about him, but about the affidavit. To whom do you understand it to refer?" The witness replied: "Well, I understood it to refer to Anderson, or procured by him; that is, the forgery. That is the way I understood it at the time."

To the foregoing question the defendant at the time objected, on the ground of immateriality, irrelevancy, and that the evidence sought to be elicited was the conclusion or opinion of the witness. The objection was overruled, and this ruling is assigned as error. It will be observed that the witness was asked to construe the libel, and, in effect, he was asked to look at the affidavit, and state who the defendant meant to charge with the crime of forgery. There was no ambiguity as to the crime charged, and no person was indicated as having committed it. There were no circumstances surrounding the transaction which had any tendency to show who the defendant meant, unless such meaning could be legitimately inferred from the fact that the names of the plaintiff, the defendant and another person were signed to the note. When a libelous communication on its face directly, or by way of innuendo or otherwise, refers to any person, it is possibly true that a witness may be asked who or what person was meant. Subject to this rule, the decided weight of authority, we think, is that the alleged libel must be construed by the court and jury. Townsh. Sland. & Lib., § 384; *Van Vechten v. Hopkins,* 5 Johns., 211; *Gibson v. Williams,* 4 Wend., 320; *Snell v. Snow,* 13 Metc., 278; *Rangler v. Hummel,* 37 Pa. St., 130; *White v. Sayward,* 33 Me., 322.

Counsel for the appellee have cited several cases determined by this court which, it is claimed, sustain the ruling of the district court, but we think they are distinguishable. In *Prime v. Eastwood,* 45 Iowa, 640, the point urged was that the words spoken could not reasonably have been understood in an actionable sense, and it was held that the words must be construed as they were calculated to impress the hearers' minds. To the same effect are the cases of *Dixon v. Stewart,* 33 Iowa, 125; *McLaughlin v. Bascom,* 38 Id., 660; *Kinyon v. Palmer,* 18 Id., 377; *Barton v. Holmes,* 16 Id., 252. In the present case there is nothing in the affidavit, and there was nothing said by the defendant, which authorized the inference that he meant the plaintiff when he made the charge

that the crime of. forgery had been committed. Under such circumstances we think it is incompetent for a witness to state whom he understood the defendant to refer to. When the note was presented to him, the defendant simply said, in writing, " It is a forgery," and therefrom the witness was allowed to draw the inference and express the opinion that he charged the plaintiff with the crime of forgery. We think in so ruling the court erred. We deem it unnecessary to consider the other errors assigned.

REVERSED.