Deere & Co. v. Wolf.

77 115
81 453
77 115
91 268

## DEERE & CO. v. WOLF *et al.*

1. **Fraud:** IN CONVEYING CHATTELS : EVIDENCE. Intervenor (a bank) claimed to own certain chattels attached by plaintiff as the property of defendant, alleging that defendant had conveyed the chattels to it in payment of his debt to it. *Held* that it was proper for plaintiff to demand a full disclosure of all the transactions between defendant and intervenor, in order that it might be determined whether there was an actual payment of intervenor's claim, and the purpose with which it was paid ; and that answers of intervenor's president, which tended to throw some light on these matters, were properly admitted.

2. **The Same.** In such case it was proper to determine just what interest the bank had in the property, and to that end evidence of statements made by the president of the bank, after the alleged transfer of the property to it, to the effect that the property was held as security, was properly admitted.

3. **The Same.** In such case it was proper to show that the president of the bank had advised a creditor of defendant to garnish the bank, as this tended to show that the bank did not purchase the property.

4. **The Same.** In such case it was also proper to admit evidence tending to show the amount realized from the sale of the property, as tending to show its value, which might have some bearing on the good faith of the transaction.

5. **Instructions:** ERROR IN FAVOR OF APPELLANT. An appellant cannot be heard to complain of an erroneous instruction when the error is in his own favor.

6. ————: MUST BE CONSIDERED TOGETHER. All the rules of law upon a subject material to a cause need not be given in one instruction. It is sufficient if they are fully and clearly given in the whole charge.

7. ————: NOT ASKED FOR BY APPELLANT. An appellant cannot be heard to complain of the failure of the court to give in an instruction a rule of law not asked for by him, when the rule does not seem necessary for a correct determination of the case.

8. ————: FRAUD : CONSPIRACY : PLEADING. Where the answer to a petition of intervention, claiming attached property on the ground of a prior purchase, alleged that the purchase was void on account of the fraudulent purpose of all the parties participating therein, *held* that this was a plea of fraud, and not of conspiracy, and that an instruction taking all question of conspiracy from the jury, on account of the want of evidence, did not take away the issue of fraud, and render erroneous further instructions on that issue.

9. **Verdict:** EVIDENCE TO SUPPORT. Where the evidence is conflicting this court will not set aside a verdict as being unsupported by the evidence.

10. **Appeal:** ERROR IN APPELLANT'S FAVOR. An appellant cannot predicate error on the fact that the judgment from which he appeals is less than the verdict of the jury against him.

*Appeal from Adams District Court.*—HON. R. C. HENRY, Judge.

FILED, FEBRUARY 1, 1889.

ACTION by attachment. The intervenor (a bank) claims certain goods attached. The issues arising upon this claim are involved in this appeal. The cause was tried to a jury, and a judgment had for plaintiffs. The intervenor appeals. The case has before been in this court. See 65 Iowa, 32.

*C. S. Keenan* and *J. W. McDill*, for appellant.

*James McCabe* and *Smith McPherson*, for appellee.

BECK, J.—The cause may be more conveniently disposed of by considering the objections to the judgment as nearly as possible in the order of their discussion by the counsel of intervenor.

I. The intervenor claims to be the absolute and unqualified owner of certain personal property which plaintiff caused to be seized upon an attachment in this case. This claim of ownership is based upon a transfer by the defendant to the intervenor of property of considerable value, in payment of an indebtedness from defendant to the intervenor. Plaintiffs claim that this transfer is void, for the reason that it was made in pursuance of a contract to "stifle, hinder and prevent a prosecution against defendant for the crime of forgery," and for the further reason that it was made with the intention of defendant, and all persons participating therein, to hinder, delay and defraud the creditors of the defendant, among whom were plaintiffs. The intervenor claims to have purchased the personal property of defendant Wolf in payment and satisfaction of all claims held by it against him.

II. The president of the intervenor was examined as a witness, and testified to the transactions of the bank in connection with the claim it held against Wolf, and the transfer of property in payment therefor. His statement is not clear, and need not be repeated. He states, among other things, that in the transaction he issued a certificate of deposit for five thousand dollars, which, as he says, was given to represent the difference of certain accounts. Thereupon he was asked this question : " How did you make your deposit account balance ? " His answer is in these words: " I cannot explain to you the book-keeping. That balances itself. If you take off five thousand dollars bills receivable, and write a certificate of deposit for five thousand dollars, that balances." Counsel now insist that the evidence was erroneously admitted. The issue involved the good faith of the alleged payments made by defendant, and whether the transaction was, on the part of the intervenor, with the purpose of delaying and defeating creditors. It was proper for the plaintiff to demand a full disclosure of all the transactions, to the end that it might be determined whether they were honest and fair, whether there was an actual payment of the intervenor's claim, and the purpose with which it was paid. It appears to us the answer tended to throw some light upon these matters. The evidence was therefore rightly admitted.

*1. FRAUD : in conveying chattels: evidence.*

III. Certain conversations were had by a witness with the president of the bank after the alleged transfer of the property, in which he, in effect, stated that the property was held as security. To this evidence objections were made. We think they were rightly overruled. It was proper to determine just what interest the bank claimed to have in the property. This statement of its chief officer, who was authorized to speak for the bank, is competent as tending to show that interest.

*2. THE SAME.*

IV. A witness testified that an attorney, who had taken a mortgage to secure another bank, testified that he had no authority to do so. The evidence was

objected to on the ground of irrelevancy and immateriality. The attorney had before testified in this case, upon his cross-examination, that he had not testified as stated. The evidence was properly received to contradict and discredit his testimony, if it was competent for no other purpose. Objection is made to a question asked another witness, but the abstract fails to show that the question was answered. No error is therefore shown.

V. Other testimony as to the statements of the president of the intervenor, advising a creditor of the defendant to garnish the bank, was admissible, on the ground that it tended to show that the intervenor did not purchase the property.

3. THE SAME.

VI. Evidence was admitted, against the intervenor's objection, tending to show the amount realized from the sale of the property. This evidence tended to show the value of the property, which might have some bearing in determining the *bona fides* of the transaction.

4. THE SAME.

VII. The court, in an instruction, directed the jury that, before they could find the sale fraudulent, it should be made to appear that the price paid by the intervenor was in excess of the real value of the property. This instruction is now complained of. It was doubtless given through mistake, into which the court may have been led by an instruction asked by the intervenor conveying the same thought. But the error of the instruction is plainly to the advantage of the intervenor. He cannot, therefore, complain of it.

5. INSTRUCTION: error in favor of appellant.

VIII. Objections are made to one or more of the instructions on the ground that there was no evidence to which they are applicable. We think the objections not well taken. One of these instructions was to the effect that, if the intervenor held possession of the property as agent of defendant, he cannot defeat the attachment. An inference may be drawn from the declarations of the president of the bank that a garnishment process would avail a creditor, and that the bank did not hold the property claiming it as an owner, but

Deere & Co. v. Wolf.

rather as an agent. The question whether the property was held by the bank as an owner or bailee is raised by the pleadings.

IX. An instruction (the eleventh) directed the jury, among other things, that an intention, by withdrawing property from the reach of creditors, to defeat the recovery of their debts, is fraudulent. Counsel for the intervenor complain that the instruction does not present the rules allowing a vigilant creditor to take property in payment or security of his debt; but these rules are sufficiently presented in succeeding instructions. It cannot be expected that all the rules upon a subject can be given in one instruction.

6. ——: must be considered together.

X. Objections to another instruction (the fourteenth) are based upon the ground that it fails to present the rule that the bank cannot be bound by the acts or knowledge of its agents, unless done and obtained while acting within the scope of their authority. We think it was not necessary, for the correct determination of the case, to present this rule to the jury. If the intervenor's counsel so thought, they should have asked for an instruction presenting the rule. As they failed to do this, they cannot now complain.

7. ——: not asked for by appellant.

XI. A paragraph of the answer of plaintiff to the intervenor's petition alleges that "the purchase of the property is void, as to plaintiff, for the reason that the same was made with the intent of Wolf and the intervenor, and all parties participating therein, thereby to hinder, delay and defraud the then existing creditors of Wolf, of whom plaintiff was at that time one."

8. ——: fraud: conspiracy: pleading.

XII. The court, in an instruction, informed the jury that, as there was no evidence of a conspiracy, the questions relating thereto were withdrawn from their consideration. Counsel now insist that after the last instruction no issue of fraud remained for the determination of the jury, and therefore instructions relating to that issue were erroneously given. But it will be

observed that plaintiff's answer, above quoted, does plead fraud. It cannot be understood as alleging a conspiracy, but rather a fraudulent purpose on the part of all persons participating in the purchase. The issue as to the fraud remained in the pleading.

XIII. Counsel for the intervenor complain of alleged misbehavior of counsel for plaintiff in his statement of the case to the jury, in that incorrect statements and claims as to the facts of the case were made by him. We think the objection is not well taken. It is probable that counsel failed to state accurately the facts of the case, and was free in his inferences drawn from the facts; but we think he did not so far transgress in this regard as to require the reversal of the judgment.

XIV. It is urged that the general verdict and special findings are not supported by the evidence. It is a case of the conflict of evidence, and the familiar rules recognized by this court applicable thereto will not permit us to disturb the judgment on this ground.

9. VERDICT: evidence to support.

XV. The court rendered a judgment for about thirty-one dollars less than the amount of the verdict, which is now made a ground of complaint. But surely this is an error, if it be an error, of which the intervenor cannot complain. The judgment is a charge on the property claimed by intervenor, and, as it is less than the sum for which it could or should have been rendered, it is not an error of which the intervenor can complain.

10. APPEAL: error in appellant's favor.

We have considered all questions discussed by counsel, and reach the conclusion that the judgment of the district court ought to be

AFFIRMED.