ELLA KELLER, Appellant, v. WELLINGTON LEWIS.

Assault and Battery: RECAPTION: *Instructions.* Where one of two joint owners of turkey eggs threatened to destroy them, and the other owner prevented her from doing so by force, an instruction based on the theory of recaption in an action for assault and battery for the injuries received was properly refused, there being nothing in the evidence sustaining such theory.

RECOVERY FOR MEDICAL SERVICES: *Husband and wife.* The fact that a married woman is equally liable with her husband for medical services rendered to her does not of itself give her a right of recovery, in an action for assault and battery, for the value of medical services rendered her.

Instructions: REQUESTS. Where an instruction as given was a correct statement of the law applicable to the case the failure to give a more comprehensive instruction was not error, in the absence of a request therefor.

*Appeal from Mitchell District Court.*—HON. CLIFFORD P. SMITH, Judge.

SATURDAY, APRIL 12, 1902.

ACTION to recover damages suffered by reason of an alleged assault and battery. The answer was a general denial, and also a plea that any force by defendant used against plaintiff was in defense of his property, which plaintiff, at that time was attempting to destroy. There was a jury trial, which resulted in a verdict in plaintiff's favor, for the sum of $50. She appeals.—*Affirmed.*

*L. M. Ryce* for appellant.

*W. L. Eaton* and *Geo. E. Marsh* for appellee.

WATERMAN, J.—The difficulty which gives rise to this action grew out of a joint venture of the parties in raising poultry. They owned together about 150 turkey eggs, which

VOL. 116 IA—24

were in process of incubation by primitive methods. We infer from the record that plaintiff and her husband had been living on the farm of defendant, where the eggs were at the time of the claimed assault. They were about to remove, and defendant attempted to purchase plaintiff's share of the eggs. She fixed the price of $10, which he declined to pay. Upon this, plaintiff declared she would break, either all, or her share of the eggs. The evidence is in conflict as to how extensive a raid she intended to make upon the nests, and it seems to us immaterial. She had no right to destroy any of them under the circumstances. But, heedless of her rights, she proceeded to put her threat into execution. She had taken several eggs from a nest, and thrown them upon the ground with the result naturally to be expected, when defendant interfered, and, in attempting to save those remaining—for the testimony does not show that he attempted more—he inflicted the injuries for which heavy damages are now claimed.

The trial court gave this instruction: "It is conceded that plaintiff and defendant were the owners in common of an undivided lot of turkey eggs. Under those circumstances the plaintiff had no right to destroy any of them without defendant's consent. And if, acting under reasonable apprehension that she was about to break some of the eggs, he proceeded in good faith to prevent her from doing so, and used no more force than reasonably appeared to be necessary for that purpose, he was justified in so doing, and was not liable therefor. On the other hand, if he intentionally used more than was necessary, or did not act in good faith, but, actuated by some other motive, he intentionally inflicted physhical violence on the plaintiff without her consent, then he acted unlawfully, and is liable for damages therefor." So far as it goes, this instruction was correct, and, as it does not appear that anything more comprehensive was

asked by plaintiff she cannot be heard to complain. *Churchill v. Gronewig,* 81 Iowa, 449, and cases cited.

Counsel for plaintiff argues the case as though the doctrine of recaption was involved, and an instruction involving that theory was asked and refused. We fail to find any warrant in the evidence for the theory that the eggs were in the possession of the plaintiff, and defendant was seeking, by force, to take them from her. The instruction asked was properly refused.

II. The court sustained an objection to evidence offered by plaintiff of the value of medical services rendered her on account of her injuries. The sole ground urged by appellant against this ruling is that plaintiff was equally liable with her husband for the value of such services. But this court has held that fact not to be sufficient in itself to give her a right to recovery, unless, perhaps, where the wife has actually paid for the services, and that is not the fact in this case. *Elenz v. Conrad,* 115 Iowa, 183.

Finally, it is urged the damages are inadequate. That was a matter particularly within the cognizance of the jury. We see no reason to interfere with their finding.—AFFIRMED.