## RATHBUN vs. EMIGH.

It is not actionable to charge a man with keeping *false books of account,* unless his business necessarily leads to dealing on credit, and the keeping of books is incident to his business; accordingly it was *held* that slander will not lie for saying of a *farmer,* or of a *sawyer of lumber* and *dealer* therein, he *keeps false books* of account.

Different sets of words, importing the same charge, laid as spoken at the same time, may be included in the same count.

A second count, in slander, may refer to the first for *time* and *place.*

DEMURRER to declaration. The action is slander. The *first* count charges that in a conversation had by the defendant, on, &c. at, &c. of and concerning the plaintiff and his

occupation as a *sawyer of lumber* and *dealer* therein, and of and concerning his business and occupation as a *farmer* and *seller* by retail of agricultural products by him raised, the defendant said : "He keeps false books ; he keeps false books of accounts, and I can prove it in five minutes." The *second* count charges, that "on the day and year, and at the place last aforesaid," the defendant spoke the following words, in a discourse he had with the plaintiff, of and concerning his business as aforesaid : "You keep false books, and I can prove it." The *third* count charges, that in a discourse with the plaintiff, the defendant said : "You have *hooked,* (meaning *stolen ;*) you have hooked my boards ; you have stolen my boards ; you have 'hooked my boards, and I can prove it ; you have stolen my boards, and I can prove it ; you have hooked my boards, and I could prove it by Horace Boughton, if he was alive ; you have stolen my boards, and I could prove it by Horace Boughton, if he was alive. You have stolen many a back load of my boards and carried them across the bridge, and used them yourself." The *fourth* count charges the words set forth in the third count to have been spoken in the third person : "He hath hooked," &c. The defendant *demurs* to each count seperately, and assigns specially the following causes of demurrer : that the *first, third* and *fourth* counts are double, containing two or more sets of words, and including two or more distinct causes of action ; that they are informal and defective, in not alleging time and place, as to the speaking of the second and subsequent sets of words ; and that the *second* count is bad, in not alleging time and place.

*J. Ellsworth,* for defendant.

*O. G. Otis,* for plaintiff.

*By the Court,* SAVAGE, Ch. J. It is urged by the defendant's counsel that it is not actionable to charge a man with keeping false books, unless he be a merchant, or mechanic, or some one whose business necessarily leads to dealing on credit, to whose business the keeping of books is incident, and whose success must depend npon the character of his

books. There is another consideration which appears to have influenced the courts in some of the old cases—which is, that books of account may be necessarily used as testimony, and to slander a man's books is destroying his testimony. This last consideration is applicable to all, and would make it actionable to say of any man that he keeps false accounts. But the safer rule is to keep within the reasons assigned by this court; according to which, such words are actionable in themselves when spoken of a person to whose business the keeping of books is necessarily incident. To a man who carries on the sawing of timber and the purchase and sale of lumber, books, I apprehend, are not as necessarily incident as to a blacksmith; to say of whom that he keeps *false books*, has been held actionable. 17 *Johns. R.* 217. The business of the blacksmith is to work for the public generally; so of all mechanics. Not so the mill owner and farmer; they sell their produce, whether of the mill or farm, but generally in large quantities, and for prompt pay; they carry it commonly to market abroad. Mechanics generally find a market at home, and sell on credit; hence the necessity for their keeping books; and their success and reputation depend upon their character for fair dealing.

It has been held, that to say of a farmer or carpenter that he is broken and run away is actionable, because credit may be necessary to the successful prosecution of his business; but unless the usual manner of transacting business is by selling on a credit, and that not to a few individuals, but generally, as is the practice with merchants and mechanics, the keeping of books is not necessarily incident to the business. I am of opinion, therefore, that the words are not actionable.

The second count is not faulty in form. The time and place in the first count may be referred to; but it is bad in substance for the reasons that the first count is bad.

The third and first counts are demurred to for the cause that they respectively contain distinct causes of action. The general rule undoubtedly is, that each count shall contain one cause of action and no more. 1 *Chitty's Pl.* 230. Yet it is not uncommon, in an action of assumpsit, to include

in one count several notes of hand; so it is now the common practice to include in one count the three money counts. Upon the subject of including several sets of words imputing the same charge in the same count, I have not found any decision in point. In *Onslow* v. *Horne*, 3 *Wils.* 185, De Grey, Ch. J. says: "And words insufficient may be rejected, when they are laid to be spoken at one time with other words that are actionable, and judgment may be given on the words which are actionable; for the insufficient words, coupled with the actionable words, are only aggravation." Sergeant Williams remarks upon this, that where words, which are not actionable, are laid in the same count with those that are, and the jury give damages generally, the court will reject the insufficient words, and give judgment on those which are actionable; for the insufficient words, coupled with those which are actionable, are only aggravation. 2 *Saund.* 307, *a. n.* 1. Though the plaintiff need not prove *all* the words laid, yet he must prove so much of them as is sufficient to sustain his cause of action. 2 *East*, 438. Whether words actionable in themselves, or not actionable, spoken subsequent to those laid in the declaration, may be given in evidence to prove malice, has been decided in different ways. Lord Ellenborough said, in *Russell* v. *Maquister*: "You cannot give in evidence special damage not laid in the declaration; but you may give in evidence any words, as well as any act of the defendant, to shew, *quo animo*, he spoke the words which are the subject of the action." Lord Kenyon, it seems, refused such evidence in one case, but subsequently admitted it in another. 1 *Campb.* 49, *n.* If any words may be given in evidence, not charged in the declaration, whether actionable or not, it seems the defendant ought not to complain that such words are included in the declaration. Sergeant Williams clearly supposed that different sets of words may be set forth in the same count, even if some are not actionable.

It is insisted in this case that the charges of *hooking*, in the 3d and 4th counts, are not actionable. Whether they are or not, would seem not material in this case; they can never be given in evidence, only to shew, *quo animo*, the action-

able words were spoken; and it would be the duty of the judge at the trial to inform the jury that damages can only be given for the words which are actionable. 1 *Camp.* 49, *n.*

The case of *Chatham* v. *Tillotson*, 5 *Johns. R.* 430, was referred to by the defendant's counsel. That case decides what was well settled before, that when a declaration contains two counts, one good and the other bad, and entire damages have been assessed, judgment will be arrested. The majority of the court in that case were of opinion that the declaration contained two counts, though the chancellor and judges were not of that opinion; nor was that point taken in the supreme court. The declaration had, in one count, set forth different charges in the same libel; and Chancellor Lansing says: "Had the declaration detailed the whole libel, *verbatim*, in one connected description, no legal subtilty could possibly have severed the different parts." Clinton, senator, was of opinion that there were two counts. He does not say that a plaintiff cannot set forth more than one cause of action in one count, if in the same libel. He says: "If the declaration states the whole libel, then there is necessarily but one count; but if after selecting a part and setting it forth as libellous, he then proceeds to select another part as distinctly libellous, it appears from his own shewing that he alleges himself to be twice libelled." From this description of the declaration it must have been drawn differently from the present. There is no pretence in this case, that either of the counts demurred to amounts to two counts; nor does the plaintiff charge, in the sense indicated by Senator Clinton, separate, distinct, and disconnected causes of action. The words charged are all of the same signification, and merely varied so as to meet the proof in any of the forms of expression. They are all charged as spoken at the same time in one conversation. This form of declaring saves unnecessary repetition and unnecessary folios in the declaration, and cannot probably prejudice the defendant. I am therefore of opinion that different sets of words, importing the same charge, laid as spoken at the same time, may be included in the same count. The result of my opinion is, that the demurrer is well taken to the first and second counts, they being defective in

substance; that the third and fourth counts are good, both in form and substance.

The defendant is entitled to judgment on the demurrer to the first and second counts; and the plaintiff is entitled to judgment on the demurrer to the third and fourth counts with leave to the defendant to plead, on payment of costs.