## DIOYT vs. TANNER.

In *slander*, a plaintiff may in the same count charge words not actionable *per se,* with words actionable in themselves, in aggravation of damages ; and in such case the defendant is not at liberty to *demur* to some of the words and take issue upon the others.

It is not a *misjoinder* of causes of action to charge in the same count words imputing to the plaintiff, that he had counterfeit bills in his possession with the intent to pass the same, *and* that he had in his possession plates in the similitude of bank bills, with intent, &c.

DEMURRER to declaration. The plaintiff declared in *slander,* charging the defendant with speaking words imputing to him the crime of *forgery,* in respect to bank bills. The words were variously laid to have been spoken, as, that the plaintiff had been counterfeiting bills and money ; had counterfeit notes in his possession with intent to pass ; had plates in his posses sion in the similitude of bank bills, with the intent of using the same, &c.; had been sent to the state prison for passing counterfeit bills, and that two gentlemen who went to Pennsylvania with their big guns had got into trouble, had been taken up and sent to the state prison for passing counterfeit money, (meaning by the two gentlemen the *plaintiff* and another person.) The defendant pleaded *non cul.* as to the speaking the words specified in the count, *except as to what related to the two gentlemen who went to Pennsylvania, &c.* and as to that matter *demurred* specially for the want of necessary averments to render the words actionable. The plaintiff took issue upon the former part of the plea, and as to the latter joined in demurrer.

*W. H. Shankland,* for the defendant, insisted 1. That the count containing *distinct* and *disconnected* causes of action, was bad for *duplicity* and *misjoinder* ; 2. That some of the words specified in the count are not actionable *per se,* and are not rendered so by introductory matter or by proper averments ; and 3. That if two or more causes of action can properly be joined in the

Dioyt *v.* Tanner.

same count, the defendant may *demur* to one or more of the causes of action, and plead to the others. In support of the last proposition he cited 1 *Chitty's Pl.* 643; 11 *East*, 565; 11 *Johns. R.* 24.

*J. Thomas*, for the plaintiff. Different sets of words imputing the same charge may be included in the same count. 6 *Wendell*, 412. If the words demurred to are not actionable, they may be considered as surplusage, or as alleged in aggravation; being joined with other words admitted to be actionable, and charged to have been spoken in the same conversation, they are to be coupled together in the inquiry as to who is the person accused. 6 *Wendell*, 410. The defendant having charged *forgery* upon the plaintiff in the commencement of the conversation, the inference is inevitable that he was one of the persons alluded to when the defendant spoke of the two gentleman, &c. The by-standers must so have understood the defendant, although he did not repeat the plaintiff's name after every pause in his speech.

*By the Court*, NELSON, Ch. J. It is well settled that words not actionable in themselves may be laid in the same count with words actionable, and may be proved to show the *quo animo* or in *aggravation* of damages. It cannot, therefore, be permitted to the defendant to select the words not actionable and *demur* to them, taking issue upon the others. 6 *Wendell*, 407, 410. 3 *Wilson*, 185. 2 *East.* 438. 2 *Saund.* 307, *n.* 1, *a.* 1 *Campb.* 49, *n.* If the defendant insists that the words demurred to are actionable, then he must fail of course, as he should have included them in the plea of the general issue, or set up some other defence; and this he should have done whether the words laid constituted a distinct cause of action or not.

There is nothing in the suggestion that the count contains a misjoinder of distinct causes of action; the words relate to the same crime. 2 *R. S.* 674, § 39.

Judgment for plaintiff.