MALVINA F. PATTERSON *versus* WILLIAM WILKINSON.

An *innuendo* does not extend or enlarge, but simply explains the meaning of something previously expressed.

When the words themselves are not actionable, but require reference to some extrinsic fact to make them so, such fact must be averred in a traversable form with a proper *colloquium*.

The words that "Malvina, (meaning the plaintiff,) has been to swear a young one," fairly convey the idea that the plaintiff has committed the offence of fornication.

Various actionable words, spoken at different times, constitute distinct causes of action.

When the general issue is well pleaded to one of five counts and the plaintiff demurs thereto and the demurrer is joined, the demurrer should be overruled and judgment rendered for the defendant.

ON EXCEPTIONS.

CASE FOR SLANDER.

The presiding Judge overruled the defendant's demurrer and sustained the demurrer of the plaintiff, and the defendant alleged exceptions. The remainder of the case·is sufficiently stated in the opinion.

*J. H. Hilliard*, in support of the exceptions.

*Piper*, *Mace & Laughton*, for the plaintiff.

APPLETON, C. J. — This is an action for slander. The defendant, regarding the declaration as containing five counts,

pleaded the general issue to the last and specially demurred to each of the preceding ones. The plaintiff demurred to the defendant's plea of the general issue and joined the demurrers to the other counts.

Different pleas may be filed to different counts. To some the defendant may demur and plead the general issue to others. The general issue being pleaded, and being a good plea, the demurrer thereto should have been overruled, and judgment rendered for the defendant upon the last count.

The first count, after alleging the good character of the plaintiff, proceeds as follows; — " and whereas, one Sarah Patterson, a sister of the plaintiff, had sexual intercourse in the month of February, 1863, with a person not her husband, and was begotten with child, which, if born alive, would have been a bastard; the said Sarah, on the 16th day of October, 1863, being then pregnant and trying to conceal her shame, committed suicide by poisoning herself with arsenic. Nevertheless, the said defendant, though well knowing the premises, but contriving maliciously to injure and defame the plaintiff in her good name and reputation, repeated in substance the following in the months of October, 1863, to divers individuals : viz., that the plaintiff was going in the same way that her sister Sarah had gone, meaning to convey and conveying the idea that plaintiff had illicit intercourse with divers persons and that she was pregnant and would commit suicide by poisoning herself, to the damage of the plaintiff in the sum of one thousand dollars." And in the second count the words were "I make no doubt Malvina is in the same situation."

The words that " the plaintiff was going in the same way in which her sister Sarah had gone," or that " she was in the same situation," impute no offence and cannot be regarded as being libellous. Neither can their meaning be extended or enlarged by innuendo. An innuendo is only explanatory of some matter previously expressed.

The words spoken, not importing a crime, and not being upon their face slanderous, the rule as to declaring is thus

stated by Chitty, in his work on Pleading, vol. 1, p. 342, " When the words do not naturally and *per se* convey the meaning the plaintiff would wish to assign to them, or are ambiguous and equivocal, and require explanation by reference to extrinsic matter, to show that they are actionable, it must not only be stated that such matter existed, but also that the words were *spoken of and concerning it.*" The count does not indicate that any conversation was had in reference to the misconduct of the plaintiff's sister. The fact of such misconduct is stated, but in what is technically termed the *colloquium*, it is not averred that the words were spoken in relation to such misconduct. If spoken generally, without any such reference, they were obviously not slanderous. "When the words spoken," observes Lord ELLEN-BOROUGH, in *Hawks* v. *Hawkey*, 8 East, 431, "do not in themselves naturally convey the meaning imputed by the *innuendo*, but also when they are ambiguous and equivocal, and require explanation by reference to some extrinsic matter to make them actionable, it must not only be predicated that such matter existed, but also that the words were spoken *of and concerning that matter.*" In *Sturtivant* v. *Root*, 7 Foster, 69, GILCHRIST, C. J., says, a " *colloquium* serves to show that the words were spoken in reference to the matter of the averment. An innuendo is explanatory *of the subject matter sufficiently expressed before, and it is explanatory of such matter only;* for it cannot extend or limit the sense of the words beyond their own meaning, unless something is put upon the record for it to explain." So, in *Carter* v. *Andrews*, 16 Pick., 1, SHAW, C. J., says,—"If the words have the slanderous meaning alleged, not by their own intrinsic force, but by reason of the existence of some extraneous fact, the plaintiff must undertake to prove that fact, and the defendant must be at liberty to disprove it. The fact must be averred in a traversable form, with a proper *colloquium*, to wit, an averment, that the words in question are spoken *of and concerning* such usage or report or fact, whatever it is, which gives to words, otherwise indifferent, the particu-

lar defamatory meaning imputed to them." For aught that appears in the declaration preceding the innuendo, the conversation might have had reference to the good and not to the bad conduct of the plaintiff's sister, and, if so, the words are entirely unobjectionable.

The third count sets forth no misconduct of the plaintiff's sister, but is for the utterance of these words, that Mrs. Patterson, the mother of said Malvina, " had not seen all of her trouble, that Malvina was in the same way that Sarah had been." But it is obvious that these words, without preceding averments to give them a special meaning, convey no slanderous imputation upon the character of the plaintiff.

The offence of fornication is punishable by the statutes of this State. An action of slander will lie for charging an unmarried woman with having committed this offence. *Miller* v. *Parish*, 8 Pick., 385 ; *Woodbury* v. *Thompson*, 2 N. H., 194. The words set forth in the fourth count, that " Malvina has been to swear a young one," fairly convey the idea that the plaintiff has committed the offence of fornication.

If the declaration, as the plaintiff now claims, contains but one count, that is bad on special demurrer for duplicity. Each count should contain but one cause of action, and no more. It is true, it was held in *Rathbun* v. *Emigh*, 6 Wendell, 407, that different sets of words, importing the same charge, laid as spoken at the *same* time, may be included in the same count. But such is not the case here. The different words set forth in the plaintiff's declaration were spoken at different times, and therefore constitute several and distinct causes of action, and should have been embodied in separate counts.

But the exceptions negative the proposition that there is but one count. They assume five several counts. The presiding Judge, in his ruling, acted upon the same assumption. We think there were five counts intended to be filed; though some were defective.

The result is, the three first counts are bad, and the fourth is good on general demurrer. The plea to the fifth is good. The plaintiff's demurrer thereto is overruled.

*Exceptions sustained.*

KENT, DICKERSON, BARROWS and DANFORTH, JJ., concurred.