ELLEN F. KELLEY *vs.* FRANK FLAHERTY *et ux.*

An accusation is actionable that falsely charges an offence which, if proved, may subject the party charged to a punishment not ignominious, but bringing disgrace.

Hence words charging an unmarried woman with fornication are actionable *per se* in Rhode Island, although the offence is punished by a fine of not more than ten dollars, and the fine is recovered by complaint, not by indictment.

EXCEPTIONS to the Court of Common Pleas.

This action was slander. After verdict for the plaintiff in the Court of Common Pleas, the defendant moved to arrest judgment because the declaration did not set out any cause of action. The motion was dismissed and the defendant excepted.

*May* 25, 1888. DURFEE, C. J. The defamatory words alleged to have been spoken of the plaintiff are the following, to wit: "You are a bitch and a whore. You visit the Halfway House and got your dress there." The motion in arrest raises the question whether the words are actionable *per se*, no special damages being alleged. The innuendo added in the declaration is, " meaning and intending to charge said plaintiff with fornication and adultery, and with obtaining a dress by illicit intercourse at the Halfway House." We think, however, that, as there is no inducement or prefatory averments in the declaration, the words cannot be deemed to impute to the plaintiff anything more than fornication. The question then is, whether words imputing to an unmarried woman the offence of fornication are actionable *per se*.

At common law, fornication was not a criminal offence, and words charging a woman with it were not actionable *per se*. In the United States, generally if not everywhere, it is a misdemeanor by statute; but upon the question, whether words charging it are actionable *per se*, there is a diversity of decision. In several states such words are made so by statute. Townshend on Slander and Libel, § 153. In the leading case of *Brooker* v. *Coffin*, 5 Johns. Rep. 188, it was held that words imputing criminality are actionable *per se* when they impute an indictable offence involving moral turpitude, or an offence which exposes the offender to an infamous punishment. This rule has been widely recognized, and is probably the rule which is the more generally ac-

cepted. Cooley on Torts, 196, 197. Under it the words here complained of are not actionable *per se*, since in this State the punishment for fornication is simply a fine of not over ten dollars, which is recoverable by complaint and warrant, not by indictment. In Massachusetts, in *Miller* v. *Parish*, 8 Pick. 384, the. rule was laid down more broadly, namely, " Where an offence is charged which, if proved, may subject the party to a punishment not ignominious, but which brings disgrace upon the party falsely accused, such an accusation is actionable," and in that case it was held to be actionable *per se* to charge an unmarried woman with fornication. See, also, *Brown & wife* v. *Nickerson*, 5 Gray, 1 ; *Kenney* v. *McLaughlin & wife*, 5 Gray, 3. The rule laid down in *Miller* v. *Parish* appears to be the recognized rule in several States. *Patterson* v. *Wilkinson*, 55 Me. 42 ; *Woodbury* v. *Thompson*, 3 N. H. 194 ; *Symonds* v. *Carter*, 32 N. H. 458 ; *Vanderlip & wife* v. *Roe*, 23 Pa. St. 82 ; *Ranger and another* v. *Goodrich*, 17 Wisc. 80 ; *Mayer* v. *Schleichter*, 29 Wisc. 646 ; *Hoag* v. *Hatch*, 23 Conn. 585, 590 ; *Zeliff* v. *Jennings*, 61 Texas, 458. We think it the better rule ; for it seems to us that the defamatory effect of words charging a disgraceful offence is substantially the same, whatever the form of criminal procedure under which the offence be punished. In Iowa and Ohio, words charging an unmarried woman with fornication are held to be actionable *per se*, " on the broad and plain ground that it would immediately and necessarily tend to hinder her advancement," the presumption of damage being allowed to supply the place of actual proof. *Cleveland* v. *Detweiler*, 18 Iowa, 299 ; *Barnett* v. *Ward*, 36 Ohio St. 107 ; 38 Amer. Rep. 561.              *Exceptions overruled.*

    *Charles H. Page & Franklin P. Owen*, for plaintiff.

    *Ambrose E. West*, for defendant.