271 A.2d 825.

MARY M. BARRETT *vs.* COLEMAN BARRETT *et al.*

DECEMBER 21, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. This is a civil action for libel which arose out of a publication of an obituary notice by the Providence Journal Company on information purportedly supplied by, among others, the defendants Coleman Barrett and Leo M. Corbett. It is before us on the plaintiff's appeal from a Superior Court judgment entered pursuant to a decision of a justice of that court granting the motion of all the defendants for summary judgment.

The pleadings, answers to interrogatories, exhibits, and other pertinent documents in the record establish that William H. Barrett came to an accidental death on April 17, 1966, at his home in North Providence where he lived with his mother. They further established that at the time of his death said William H. Barrett was married to plaintiff, although the parties had been living separate and apart since February 1963.

On April 18, 1966, a story appeared in a newspaper printed by the Providence Journal Company which, among other details relating to the fire that caused his death, stated "Mr. Barrett, *a bachelor,* died of asphyxiation."

(emphasis ours) The story concluded with "Survivors besides his mother and sister are three brothers * * *." The names of the three brothers were given but plaintiff was not mentioned.

After some unsatisfactory discussions with all defendants, plaintiff commenced the instant action. In an amended complaint she alleged, in substance, that defendant Coleman Barrett had wrongfully informed defendant Corbett, as the funeral director, that the deceased was a bachelor, knowing such information to be false; that defendant Corbett refused to correct the information on being advised of the truth by her, and that the defendant Providence Journal Company published the falsehood on information received from Corbett even though informed of the truth by plaintiff. As a result, she specifically alleged that

> "* * * friends and acquaintances of the plaintiff and members of the general community were led to believe, contrary to fact and those representations made by plaintiff that she was the wife of William H. Barrett, that plaintiff was never the wife of the decedent, that plaintiff cohabited illicitly with decedent and that plaintiff lied when she acknowledged herself to be the wife of the decedent during his lifetime."

continuing, the amended complaint charged that the acts of which she complained

> "* * * were performed by the defendants and each of them wickedly, maliciously, intentionally and with a reckless disregard of the effect of their actions on plaintiff's reputation and, accordingly, plaintiff is entitled to punitive damages."

The amended complaint concluded with a prayer for $100,000 against each defendant.

Each defendant answered in manner and form consistent with his or its peculiar relationship to plaintiff's several allegations, and, in addition defendants Corbett and

18

Providence Journal Company pleaded that plaintiff failed to state a claim upon which relief could be granted, since the publication was not libelous per se and plaintiff had alleged no special or actual damages.

When the case was ready for trial, plaintiff stipulated that she could not prove special damages, it being her position then as now that no such proof was required for the reason that the publication was libelous per se, by innuendo, she argues, that referring to plaintiff's deceased husband as "bachelor" imputed that during the time plaintiff and deceased had been living together as husband and wife, plaintiff was guilty of at least the misdemeanor of fornication. In taking this position, plaintiff relied on the holding of this court in *Kelley* v. *Flaherty*, 16 R. I. 234, 14 A. 876. However, with the filing of this stipulation, all defendants joined in a motion for summary judgment under Super. R. Civ. P. 56 and plaintiff waived her right to the ten day notice as provided in Rule 56(c) of said rule. The defendants' motion for summary judgment was heard by a Superior Court justice and was granted on the proposition that since the words "a bachelor" are clearly not defamatory on their face, the innuendo of a crime would require extrinsic evidence. In such circumstances, he further held, the publication was not actionable, absent allegation and proof of special damages, citing *Lonardo* v. *Quaranta*, 99 R. I. 70, 205 A.2d 837.

There, this court inferentially adopted the general rule that an action for libel per quod, that is defamatory only by reason of extrinsic evidence, could not be maintained absent an allegation of special damages. In the case at bar, although plaintiff alleged special damages, she stipulated, in effect, that the damages alleged could not be proved. It is elementary that where damages must be alleged they must also be proved. *Dimond* v. *Barlow*, 82 R. I. 399, 110 A.2d 438.

Although *Lonardo* v. *Quaranta, supra,* on which the Superior Court justice relied in granting defendants' motion for summary judgment, is only partial authority and, then by way of dictum for his decision, we are constrained to conclude that his decision is fully supported by the rule prevailing in our sister states.

In *Solotaire* v. *Cowles Magazines, Inc.,* 107 N.Y.S.2d 798, citing *O'Connell* v. *Press Publishing Co.,* 214 N. Y. 352, 108 N. E. 556, plaintiff's action for libel was predicated on a magazine article which repeatedly referred to her husband as a bachelor. She, like the instant plaintiff, pleaded that the reasonable and natural inference from this was that she was unchaste and indecent. The plaintiff, Margaret Solotaire, did not plead special damages contending as does the plaintiff here that none need be proved.

Rejecting this contention, the New York Court held flatly where extraneous facts must be shown to make a publication libelous, pecuniary damage resulting from publication must be pleaded and proved. So holding, the court pointed out that "Not alone must she show libel by extrinsic facts, but must even connect herself to the article by extrinsic facts." In this connection the court acknowledged that actions for libel per se have been success- fully maintained on the basis of a publication wherein the plaintiff was not named, but pointed out in all such actions the plaintiff had been otherwise identified in the defamatory publication.

We find the reasoning in *Solotaire* v. *Cowles Magazines, Inc., supra,* persuasive. Nor in our acceptance thereof have we overlooked the thrust of *Kelley* v. *Flaherty, supra,* cited by plaintiff. In *Kelley* the language complained of was " 'You are a bitch and a whore. You visit the Halfway House and got your dress there.' " This court held such language sufficient to support an action for

slander per se for the reason that at least the offense of fornication was imputable to plaintiff without the necessity of extrinsic evidence. Further, the action being for defamatory language addressed to plaintiff, no question of identification of plaintiff was involved.

For the reasons stated, we hold that the decision granting the defendants' motion for summary judgment followed the law of this jurisdiction and judgment properly entered.

The plaintiff's appeal is denied and dismissed, and the judgment appealed from is affirmed.

*Allen M. Kirshenbaum, Sanford M. Kirshenbaum,* for plaintiff.

*Leo X. McCusker,* for Coleman Barrett; *McAleer and McAleer, James J. McAleer, Joseph V. Cavanagh,* for Leo M. Corbett.

*Edwards & Angell, Knight Edwards, Paul F. Greene,* for Providence Journal Company.