**Silvestro GLIOTTONE**

v.

**Jeff ETHIER et al.**

No. 2004–162–Appeal.

Supreme Court of Rhode Island.

March 14, 2005.

Carl P. DeLuca, Warwick, for Plaintiff.

Daryl E. Dayian, Providence, for Defendant.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

## OPINION

PER CURIAM.

This matter came before this Court for oral argument on January 18, 2005, pursuant to an order directing the parties to appear and show cause why the issues raised by this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the case should be decided at this time.

### Facts and Procedural History

The facts of this negligence case are brief and not subject to serious dispute. On October 6, 1999, plaintiff, Silvestro Gliottone, and defendant, Jeff Ethier, were involved in a motor vehicle accident in the City of Cranston. Just after 9 a.m. that day, plaintiff, while traveling in the northbound lane of Dyer Avenue, attempted to make a left-hand turn into a service station located on the opposite side of the road. While crossing the southbound lane to reach the station entrance, Mr. Gliottone's vehicle collided with defendant's vehicle. He sustained personal injury and both vehicles were significantly damaged.

The plaintiff filed a negligence action against defendant, seeking compensation for his medical bills, lost wages, pain and suffering, and property damages. When he was deposed, however, plaintiff testified that he had no recollection of the accident other than seeing a "white blur" just before striking his head on his windshield as a result of the force of the collision. In

addition, plaintiff admitted that he never observed defendant's vehicle prior to the impact, did not know whether his foot was on the brake or accelerator at the time of the crash, and could not independently recall if he was wearing his seat belt. The plaintiff similarly was unable to testify about the speed at which defendant's vehicle had been traveling at the time of the collision. Additional discovery also revealed that plaintiff has no sight in his left eye.

The only eyewitness to the accident, Ms. Connie J. Martone, testified that she was traveling in the southbound lane of Dyer Avenue behind defendant's vehicle when the accident occurred. In her deposition, Ms. Martone explained that she observed plaintiff's vehicle cross the center of the roadway into oncoming traffic and strike defendant's vehicle head-on. She testified that plaintiff's vehicle did not display a directional signal at that time. The witness also estimated that Ethier's vehicle was traveling between twenty-five and twenty-eight miles per hour at the time of collision, and that defendant had no chance to apply the brakes to avoid being struck by plaintiff's vehicle. Martone emphasized throughout her testimony that plaintiff crossed into oncoming traffic so suddenly that defendant could not have avoided the accident.

At a pretrial conference conducted the morning the trial was scheduled to commence, the Superior Court justice presiding in the case encouraged defendant's counsel to file a motion for summary judg-

ment on the ground that there were no material issues of fact to be submitted to the jury. Later that afternoon, defendant argued his motion, urging that plaintiff had failed during discovery to raise evidence sufficient to create a genuine issue of material fact about whether defendant's negligence had caused the collision. Without challenging the timeliness of the court's consideration of the motion, plaintiff argued that the damages to the vehicles, as depicted by several photographs taken at the scene of the accident, created an issue of fact as to defendant's comparative negligence. The plaintiff asserted that the photographs could support a reasonable inference that defendant was traveling at an excessive speed at the time of the collision. After hearing the arguments of counsel, the hearing justice granted the motion and entered summary judgment in favor of defendant. The plaintiff filed a timely notice of appeal.

## Analysis

On appeal, plaintiff alleges both procedural and substantive errors in the hearing justice's ruling. First, plaintiff argues that the hearing justice abused his discretion in entertaining defendant's motion for summary judgment in the absence of a showing that plaintiff had received proper notice of the motion in accordance with Rule 56(c) of the Superior Court Rules of Civil Procedure.[1] That subsection unambiguously provides that motions for summary judgment "*shall* be served at least 10 days

---

1. Rule 56(c) of the Superior Court Rules of Civil Procedure provides that:

   "The motion [for summary judgment] shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

before the time fixed for the hearing." (Emphasis added.)

Although he frankly acknowledges his failure to object to the court's consideration of defendant's motion, plaintiff argues that the language of Rule 56(c) is mandatory, and thus, that the ten-day waiting period between the service of a motion for summary judgment and court hearing on that motion cannot be relinquished by any party. The defendant, on the other hand, disputes plaintiff's proposed interpretation of the ten-day provision of Rule 56(c) and argues, under our well-settled "raise or waive" rule, that plaintiff ceded his right to challenge this alleged error by failing to object before the hearing justice and by going forward with arguments on the motion. *See State v. Grant,* 840 A.2d 541, 546 (R.I.2004). Whether the failure to object to a court's consideration of a motion for summary judgment before the expiration of the ten-day notice period specified in the text of Rule 56(c) falls within the ambit of the "raise or waive" rule appears to be a novel question in this jurisdiction, as neither the text of the rule itself nor any decision of this Court speaks to the issue.[2] However, "[w]e have said many times that in situations in which our own case law is sparse in the area of civil procedure, we shall consult the precedents in the federal courts since our Superior Court Rules are patterned after the federal rules." *Kelvey v. Coughlin,* 625 A.2d 775, 776 (R.I.1993). *See also Heal v. Heal,* 762 A.2d 463, 466–67 (R.I.2000) ("where the Federal rule and our state rule are substantially similar, we will look to the Federal courts for guidance or interpretation of our own rule").

Looking to pertinent authority on this issue, it is apparent that the general precept of federal practice is that in the absence of an objection, the defect of untimely service under Rule 56 will be deemed waived. 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2719 (3d ed. 1998); 11 *Moore' s Federal Practice,* § 56.10[2][a] at 56–49 (Matthew Bender 3d ed. 2004) ("[t]he 10–day notice requirement may be waived if a party fails to object to a violation of the 10–day rule at the hearing on the summary judgment motion"). *See Bottineau Farmers Elevator v. Woodward–Clyde Consultants,* 963 F.2d 1064, 1073 (8th Cir.1992) ("We hold the defect of untimely service has been waived. [The plaintiff] did not object to the untimely service of the motion for summary judgment. In the absence of an objection, the defect of untimely service may be deemed waived."); *Spence v. Latting,* 512 F.2d 93, 97 (10th Cir.1975) (requirements of Rule 56(c) may be waived where nonmoving party made no objection to the motion and had no pending request for discovery).[3] Other state courts that

---

**2.** In our decision in *Barrett v. Barrett,* 108 R.I. 15, 18, 271 A.2d 825, 826 (1970), we indicated a tacit acceptance of the validity of the waiver of the ten-day requirement under Rule 56(c), without analyzing or discussing the issue in depth.

**3.** Even in cases in which the nonmoving party properly objects before the lower court, some federal courts have refused to find reversible error in a court's consideration of a motion for summary judgment within the ten-day notice period if the nonmoving party is unable to show that he or she was prejudiced by the court's action. 10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2719 (3d ed. 1998) ("if the motion is served less than ten days before the hearing but no prejudice appears to have occurred, proceeding with the summary judgment motion still may be proper"). *See Oberg v. Allied Van Lines, Inc.,* 11 F.3d 679, 684 (7th Cir.1993); *Dillard v. Blackburn,* 780 F.2d 509, 515–16 (5th Cir. 1986) (holding that "the ten day notice provided for in [Rule] 56(c) is not required in habeas cases where the petitioner never claims the benefit of notice, never claims to

have had occasion to consider this issue likewise have held that failure to object to noncompliance with Rule 56(c)'s ·ten-day requirement results in a waiver of the argument on appeal. *See McKenzie v. Killian,* 887 So.2d 861, 865 (Ala.2004) (failure to object, which is properly presumed from silent record, results in waiver of nonmoving party's right to ten days notice under Rule 56(c) of the Alabama Rules of Civil Procedure); *Wahle v. Medical Center of Delaware, Inc.,* 559 A.2d 1228, 1234 (Del.1989) (nonmoving party waived any objection to the court's procedures by failing to file a timely objection with the trial court); *Richardson v. Citizens Gas & Coke Utility,* 422 N.E.2d 704, 709 (Ind.Ct.App. 1981) ("The [nonmoving party's] failure to include an objection to the motion based upon [Rule] 56(c) in their written response, as well as their failure to provide a record of the * * * hearing from which we could determine whether an oral objection was made, constitutes a waiver of this issue."). Because we discern no reason to deviate from the weight of authority from around the country on this question, we are of the opinion that challenges to the propriety of a hearing justice's consideration of a motion for summary judgment within ten days of the service of the motion are not exempt from the "raise ·or waive" rule. Therefore, if a party against whom a motion for summary judgment is made fails to object to the timing of the court's hearing on the motion, the defect in compliance with the ten-day requirement is waived and the court's consideration of the motion will not constitute reversible error.[4] Accordingly, we reject plaintiff's argument that the ten-day period set forth in Rule 56(c) is of mandatory application in these circumstances.

Our review of the record in this case not only reveals that plaintiff failed to object to the timeliness of the hearing on defendant's motion for summary judgment, but that plaintiff, through counsel, specifically informed the hearing justice that he was "prepared to argue a motion for summary

---

have been disadvantaged by· the lack of notice, and where the court is satisfied that he has not been so disadvantaged"); *Hoopes v. Equifax, Inc.,* 611 F.2d 134, 135–36 (6th Cir. 1979); *Ikerd v. Lapworth,* 435 F.2d 197, 203 (7th Cir.1970). In *Hoopes,* as in this case, the district court granted a motion for summary judgment on the day of the beginning of the trial, following a pretrial conference. Noting that the district court justice had "questioned appellant's counsel in detail and [had] afforded him ample opportunity to show that genuine issues of material fact existed with respect to the disputed counts of the complaint" and that "[the nonmoving party] ha[d] not demonstrated that he could have produced any additional evidence on the disputed counts if ten days notice had been given, nor that he [had been] prejudiced in any way by the action of the court in granting summary judgment[,]" the United States Court of Appeals for the Sixth Circuit held that the district court's granting of the motion for summary judgment did not constitute reversible error. *Hoopes,* 611 F.2d at 135–36.

**4.** Rhode Island is not completely without local guidance on the issue of waiver under Rule 56(c). In his influential treatise on Rhode Island Civil Practice and Procedure, Professor Robert Kent provided a framework for Rhode Island's treatment of Rule 56 in this context based on federal precedent:

> "Failure to serve the motion [for summary judgment] 10 days before hearing does not necessarily void the motion. If it is in fact heard on the designated date, and the opposing party does not raise the timeliness of notice, the defect is waived. If the opposing party objects to the hearing date, the motion may be reassigned to a later date. And it has even been held that a hearing held immediately after the motion was filed would support the granting of the motion, where it clearly appeared that the opposing party had nothing to submit and that a 10 day postponement would be of no consequence. This is an application of the harmless error rule." 1 Kent, *R.I. Civ. Prac.* § 56.3 at 417–418 (1969).

judgment if the Court sees fit" just prior to the commencement of the hearing on the motion. Moreover, the record establishes that the hearing justice took great care to ensure that the facts intended to be argued by defendant's counsel in support of his motion were known by both parties for at least ten days prior to the date on which the hearing occurred. Additionally, the court allowed plaintiff's counsel ample opportunity to introduce any facts to counter or contradict those defendant offered during the hearing.

Thus, notwithstanding his failure to object to the timeliness of the hearing justice's consideration of defendant's motion for summary judgment, it is apparent that plaintiff was in no way prejudiced by the hearing justice's conduct in this case. A reading of the transcript of the hearing in this matter indicates that plaintiff's counsel specifically admitted knowledge of all the facts and evidence considered by the hearing justice and used by defendant to support his motion. Furthermore, plaintiff at no time argued before either this Court or the hearing justice that the timeliness of the hearing in any way prevented him from presenting any additional evidence to support his claim, nor has he specified any additional information he would have introduced had the court ordered that the requisite ten-day period pass before hearing arguments on the motion. Accordingly, we hold that plaintiff waived any challenge to the hearing justice's consideration of defendant's motion for summary judgment within the ten days specified by Rule 56(c).

▮ With respect to the substantive element of his appeal, Gliottone alleges that the court's granting of defendant's motion for summary judgment constituted reversible error because the photographs of the damaged vehicles were sufficient to create an issue of fact about defendant's speed at the time of the crash. We agree. Our standard of review in this area is well-settled. "This Court reviews a grant of summary judgment on a *de novo* basis." *Johnson v. Newport County Chapter for Retarded Citizens, Inc.,* 799 A.2d 289, 291 (R.I.2002) (citing *Marr Scaffolding Co. v. Fairground Forms, Inc.,* 682 A.2d 455, 457 (R.I.1996)). In conducting such a review, we apply "the same criteria used by the trial justice." *Illas v. Przybyla,* 850 A.2d 937, 940 (R.I.2004). "As a prerequisite to an order for summary judgment, the lower court must review the pleadings, affidavits, admissions, answers to interrogatories, and other appropriate evidence from a perspective most favorable to the party opposing the motion." *Steinberg v. State,* 427 A.2d 338, 340 (R.I.1981). "Consequently, if no issues of material fact appear and the moving party is entitled to judgment as a matter of law, the trial justice may enter an order for summary judgment. * * * When a genuine issue of fact exists, however, the trial justice must not decide the issue." *Id.*

▮ "[A] party who opposes a motion for summary judgment carries the burden of proving by competent evidence the existence of a disputed material issue of fact and cannot rest on allegations or denials in the pleadings or on conclusions or legal opinions." *Accent Store Design, Inc. v. Marathon House, Inc.,* 674 A.2d 1223, 1225 (R.I.1996). However, "to survive a summary-judgment motion, the opposing party must [only] present evidence from which a jury could draw *reasonable inferences* sufficient to create a genuine issue of material fact." *Mitchell v. Mitchell,* 756 A.2d 179, 185 (R.I.2000). (Emphasis added.) "Indeed, Rule 56 * * * requires that the nonmoving party adduce sufficient controverted evidence of material fact(s)—irrespective of its credibility or weight—to require a trial." *Mitchell,* 756

A.2d at 185. We therefore have cautioned that "[t]he purpose of summary judgment is issue finding, not issue determination." *Saltzman v. Atlantic Realty Co.*, 434 A.2d 1343, 1345 (R.I.1981). We will closely scrutinize a hearing justice's decision on a motion for summary judgment when the record reflects that the motion was brought on the date set for the beginning of the trial on the underlying cause(s) of action.

At the outset, we note that it has been widely recognized that "issues of negligence are ordinarily not susceptible of summary adjudication, but should be resolved by trial in the ordinary manner." *Rogers v. Peabody Coal Co.*, 342 F.2d 749, 751 (6th Cir.1965). *See Roucher v. Traders & General Insurance Co.*, 235 F.2d 423, 424 (5th Cir.1956) ("[i]ssues of negligence are ordinarily not susceptible of summary adjudication"); *Aetna Insurance Co. v. Cooper Wells & Co.*, 234 F.2d 342, 344 (6th Cir.1956) ("There is eminent authority in support of the proposition that issues of negligence are ordinarily not susceptible of summary adjudication, but should be resolved for trial in the ordinary manner."); *Phillips v. Covenant Clinic*, 625 N.W.2d 714, 720 (Iowa 2001) ("claims of negligence are fact-based and must normally be resolved by a trial").[5] "[B]ecause of the peculiarly elusive nature of the concept of negligence, it is the rare personal injury case which may be properly disposed of by summary judgment." *Bland v. Norfolk and Southern Railroad Co.*, 406 F.2d 863, 866 (4th Cir.1969). *See Hayes v. Larsen's*

*Mfg. Co.*, 871 F.Supp. 56, 57 (D.Me.1994); *Furbush v. McKittrick*, 149 N.H. 426, 821 A.2d 1126, 1131 (2003).

Although the evidence of plaintiff's negligence in this case is very strong, we are of the opinion that a jury reasonably could infer from the evidence presented by plaintiff that defendant may too have been negligent, at least to some degree, at the time of the collision. *See Lord v. Major*, 729 A.2d 697, 699–700 (R.I.1999). This Court previously has held that accident scene photographs of damaged vehicles are admissible to prove causation for injuries resulting from a vehicle collision, even in the absence of expert testimony. *See Boscia v. Sharples*, 860 A.2d 674, 678 (R.I. 2004). Although defendant does not challenge the admissibility of the photographs in this case, he asserts that they do not create a genuine issue of material fact about any negligence on his part. However, after considering those photographs in the light most favorable to the plaintiff, and without weighing the evidence or passing on issues of credibility, we are of the opinion that the vehicular damage depicted creates a potential material issue of fact barring summary disposition. Clearly, the photographs illustrate such significant and severe front-end damage to Mr. Gliottone's vehicle that a jury reasonably could infer that defendant may have been speeding at the time of the accident.

It is also significant to our analysis in this case that Rhode Island is a comparative negligence jurisdiction.[6] Pursuant to

---

**5.** *See also* 1 Kent, § 56.2 at 415–16 ("Less likely is the rendition of summary judgment in personal injury litigation, even if the evidence of 'what happened' is set forth in uncontroverted affidavits, for the question as to whether the established conduct falls below the standard of reasonable care is usually a question for the trier of fact and cannot be resolved as matter of law on motion for summary judgment.").

**6.** General Laws 1956 § 9–20–4 provides: "In all actions hereafter brought for personal injuries, or where personal injuries have resulted in death, or for injury to property, the fact that the person injured, or the owner of the property or person having

G.L.1956 § 9–20–4, a plaintiff in a negligence action is entitled to an award of damages if he can prove the negligence of the defendant, although his damages will be reduced in proportion to his own fault. This is so even when, as in this case, the circumstances appear to indicate that plaintiff may have been substantially negligent in an incident from which substantial injuries are claimed to have resulted. Thus, if the plaintiff, notwithstanding his own apparent negligence, presents evidence sufficient to create a genuine issue of material fact as to the negligence of the defendant, summary disposition of his cause of action is improper. This Court recognized long ago that "[w]here a motion for summary judgment is proper, the court is not authorized to try the issue, but is to determine whether there is an issue to be tried." *Berick v. Curran*, 55 R.I. 193, 197, 179 A. 708, 710 (1935).

### Conclusion

For the reasons stated herein, we vacate the Superior Court's entry of summary judgment in favor of the defendant. The record shall be remanded to the Superior Court for proceedings consistent with this opinion.

control over the property, may not have been in the exercise of due care shall not bar a recovery, but damages shall be diminished by the finder of fact in proportion to the amount of negligence attributable to the person injured, or the owner of the property or the person having control over the property."